# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DIRECTSTREAM, LLC,<br><br>                      Debtor. | Chapter 7<br><br>Case No. 20-10534 (MFW) |
| In re:<br><br>DIRECTSTREAM FEDERAL, LLC,<br><br>                      Debtor. | Chapter 7<br><br>Case No. 20-10535 (MFW)<br><br>**Hearing Date: September 16, 2020 at 2:00 p.m. (ET)**<br>**Objection Deadline: September 10, 2020 at 4:00 p.m. (ET) (extended by agreement)** |

**DECLARATION OF ARI RAFILSON IN SUPPORT CONSOLIDATED OPPOSITION OF FG SRC LLC TO MOTIONS OF INTEL CORPORATION AND XILINX, INC. TO (I) STAY PATENT INFRINGEMENT ACTIONS PURSUANT TO SECTION 362(a) OR SECTION 105(a) OR (II) MODIFY AUTOMATIC STAY**

I, ARI RAFILSON, declare under penalty of perjury as follows:

1. I am a partner in the law firm of Shore Chan DePumpo LLP, and patent counsel for FG SRC LLC.

2. I submit this declaration in support of the *Consolidated Opposition of FG SRC LLC to Motions of Intel Corporation and Xilinx, Inc. to (I) Stay Patent Infringement Actions Pursuant to Section 362(a) or Section 105(a) or (II) Modify Automatic Stay* (the "Opposition").

3. I have personal knowledge of the matters stated herein.

4. I believe the Stay Motions are an attempt to delay in Infringement Actions[1] to enable an attack by Movant Intel on the patents in an alternative forum, the Patent

---

[1] Capitalized terms not defined herein shall have the meaning given to them in the Opposition.

Trial and Appeal Board ("PTAB") via a process called inters partes review ("IPR"), where the patent challenger has a far better chance to invalidate the patents. At the PTAB, the burden of proof to invalidate a patent is preponderance of the evidence while in district court it requires a showing of clear and convincing evidence. *See* 35 U.S.C. § 316(e) (setting burden for IPR proceedings); *Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 95 (2011) (holding that 35 U.S.C. § 282 requires that an invalidity defense be proved by clear and convincing evidence). Additionally, in the PTAB there is no Article III judge and there is no jury. Trial Practice Guide, 77 Fed. Reg. 48756, 48768 (Aug. 14, 2012) ("Each party will be afforded an opportunity to present their case before at least three members of the Board."). It has been described as a "patent death squad" in many publications, with an effective kill rate of patents between 75% to 85%. *See, e.g.* Susan Decker, *Apple Likes Patent 'Death Squad.' Allergan Pays to Avoid It*, Bloomberg Tech (Sept. 20, 2017), https://www.bloomberg.com/news/articles/2017-09-20/apple-likes-the-patent-death-squad-allergan-pays-to-avoid-it; Rob Sterne & Gene Quinn, PTAB Death Squads: Are All Commercially Viable Patents Invalid, IP Watchdog (Mar. 24, 2014) ("These bleak statistics have lead Federal Circuit Chief Judge Randall Rader to at the AIPLA annual meeting in October 2013 call the PTAB 'death squads killing property rights.'"), https://www.ipwatchdog.com/2014/03/24/ptab-death-squads-are-all-commercially-viable-patents-invalid/id=48642/; SUCCESS Act Letter (Nov. 11, 2019), https://usinventor.org/5029-success-act-letter/#:~:text=And%20with%20stats%20showing%20the,success%20at%20the%20Patent%20Office (referencing statistics).

5. The PTAB under new guidance may now decline to accept invalidity challenges if the district court case is set for trial before the IPR would be concluded, which is the case here. *Apple Inc. v. Fintiv, Inc.*, IPR2020-00019, Paper 15 at 12-13 (PTAB May 13, 2020) (precedential decision denying IPR institution in part because the PTAB's final written decision was scheduled two months after the district court trial).

6. The Intel Infringement Action is currently pending before Judge Albright in the United States District Court for the Western District of Texas. On August 10, 2020, Movant Intel filed an IPR petition seeking to invalidate the 867 patent. *Intel v. SRC*, IPR2020-01449, Paper No. 1. Intel did not seek a stay in the district court based upon the IPR petition because Judge Albright routinely denies such stays, and has stated his belief in the Seventh Amendment right to a jury trial as a reason for doing so. *Continental Intermodal Group - Trucking LLC v. Sand Revolution LLC*, No. 7:18-cv-00147, Text Order dated July 22, 2020 (W.D. Tex.) (denying opposed motion to stay pending instituted IPR "for at least the following reasons: (1) ***The Court strongly believes the Seventh Amendment*** . . . and (4) Plaintiff opposes the stay.") (emphasis added); *Kerr Machine Co. d/b/a Kerr Pumps v. Vulcan Industrial Holdings, LLC* WDTX-6-20-cv-00200, No. 6:20-cv-00200, Text Order dated Aug. 2, 2020 (denying opposed motion to stay pending outcome of post-grant review ("PGR") proceeding "for at least the following reasons: (1) The PTAB has not instituted the PGR. (2) ***Even if the PTAB institutes, the Court anticipates that the trial date will occur before the PGR's final written decision***. . . . (4) ***The Court believes in the Seventh Amendment***. (5) Plaintiff opposes the stay.") (emphasis added). In fact, based on my research Judge Albright has never granted an opposed motion to stay in light of pending IPR or PGR proceedings. *E.g., Multimedia Content*

*Management LLC v. DISH Network LLC*, No. 6:18-cv-00207, Dkt. No. 73 (W.D. Tex. May 30, 2019)[2] (denying motion to stay IPR where institution decision had not issued yet). Having no chance at a stay from the district court, the Movants are seeking a stay from this Court to allow Intel to argue at the PTAB that it should institute the IPRs because with a bankruptcy stay, the district court case will not be concluded before the IPRs. By way of background, in the Intel Infringement Action, on August 3, 2020, Judge Albright's law clerk sent the parties an email advising that trial was set for November 8, 2021. If the PTAB grants Intel's request to institute IPR proceedings, the PTAB's final written decision will be due on March 17, 2022. *See* Trial Practice Guide, 77 Fed. Reg. 48756, 48757 (Aug. 14, 2012) (describing timeline); *see also Intel v. SRC*, IPR2020-01449, Paper No. 2 (stating that patent owner's preliminary response is due on or before November 17, 2020).

       7.     Attached hereto as **Exhibit A** is a copy of the Decision by the United States Patent and Trademark Office, Before the Patent Trial and Appeal Board in *Apple Inc. v. Fintiv, Inc.*, IPR2020-00019, Patent 8,843125 B2.

       8.     Attached hereto as **Exhibit B** is the docket entry for *Continental Intermodal Group—Trucking LLC v. Sand Revolution LLC, et al.*, 7-18-cv-00147 (WDTX) showing the text of the order entered on July 22, 2020, by Judge Alan D. Albright denying Motion to Stay.

---

[2] A true copy of the *Multimedia Content* docket reflecting the text of the order is attached to the Brown Decl. as Exhibit D.

9. Attached hereto as **Exhibit C** is the docket entry for *Kerr Machine Co. d/b/a Kerr Pumps v. Vulcan Industrial Holdings, LLC,* 6-20-cv-00200 (WDTX) showing the text of the order entered on August 2, 2020, by Judge Alan D. Albright denying Motion to Stay.

10. Attached hereto as **Exhibit D** is a copy of the *Order Denying Motion to Stay Pending Inter Partes Review of U.S. Patent Numbers 8,799,468 and 9,465,925* in *Multimedia Content Management LLC v. Dish Network*, Civil No. 6:18-CV-00207-ADA, United States District Court, Western District of Texas.

11. Attached hereto as **Exhibit E** is a copy of an email from Judge Albright's clerk dated August 3, 2020 advising the parties in the Intel Infringement Action that trial is set for November 8, 2021.

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Executed this 10th day of September, 2020, at Carrollton, Texas.

_____
Ari Rafilson