# EXHIBIT A

Trials@uspto.gov
571-272-7822

Paper 15
Date:  May 13, 2020

UNITED STATES PATENT AND TRADEMARK OFFICE

————————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

————————

APPLE INC.,
Petitioner,

v.

FINTIV, INC.,
Patent Owner.

————————

IPR2020-00019
Patent 8,843,125 B2

————————

Before WILLIAM M. FINK, *Vice Chief Administrative Patent Judge*, and LINDA E. HORNER and LYNNE E. PETTIGREW, *Administrative Patent Judges.*

HORNER, *Administrative Patent Judge.*

DECISION
Denying Institution of *Inter Partes* Review
*35 U.S.C. § 314, 37 C.F.R. § 42.4*

## I.   INTRODUCTION

Petitioner, Apple Inc., filed a Petition requesting *inter partes* review of claims 11, 13, 14, 16–18, and 20–25 of U.S. Patent No. 8,843,125 B2 (Ex. 1001, "the '125 patent").  Paper 1 ("Pet.").  Patent Owner, Fintiv, Inc., filed a Preliminary Response.  Paper 10 ("Prelim. Resp.").  In its Preliminary

IPR2020-00019
Patent 8,843,125 B2

Response, Patent Owner requests that the Board apply its discretion under 35 U.S.C. § 314(a) to deny institution of the requested proceeding due to the advanced state of a parallel district court litigation, in which the same issues have been presented and trial has been set for November 16, 2020. Prelim. Resp. 22–26 (citing *NHK Spring Co. v. Intri-Plex Techs., Inc.*, IPR2018-00752, Paper 8 (PTAB Sept. 12, 2018) (precedential, designated May 7, 2019)). Although Petitioner addressed the issue briefly in the Petition, at that time no trial date had been set. *See* Pet. 7. In light of the change in status of the parallel proceeding, the Board ordered supplemental briefing on the issue of discretionary denial under 35 U.S.C. § 314(a) to give Petitioner an opportunity to respond. Paper 11. This Order, which is now precedential, discussed the factors relevant to the Board's decision on whether to apply its discretion under 35 U.S.C. § 314(a) to deny institution. *Id.* ("Order" or "Precedential Order"). Petitioner filed a Reply to Patent Owner's Preliminary Response to address the issue of discretionary denial. Paper 12 ("Reply"). Patent Owner filed a Sur-Reply to Petitioner's Reply. Paper 13 ("Sur-Reply").

Upon consideration of the parties' briefing, and for the reasons explained below, we exercise our discretion under 35 U.S.C. § 314(a) and deny institution of *inter partes* review.

## II.  BACKGROUND

### A.  *Real Parties in Interest*

Apple Inc. identifies itself as the real party-in-interest. Paper 1, 4. Fintiv, Inc. identifies itself as the real party-in-interest. Paper 4, 1.

### B.  *Related Matter*

Petitioner and Patent Owner identify the following related matter: *Fintiv, Inc. v. Apple Inc.*, Case No. 6:18-cv-00372, filed in the United States

District Court for the Western District of Texas on December 21, 2018.
Paper 1, 4; Paper 4, 1.

### C.  The '125 Patent

The '125 patent relates to management of virtual cards stored on mobile devices. Ex. 1001, 1:25–26.  Specifically, the '125 patent "provides a mobile device to store a mobile wallet application and a wallet management system to store corresponding wallet application information." *Id.* at 2:55–58.  The patent also provides a method for provisioning a wallet application, a contactless card applet, a wallet management applet, and a widget, and a method for synchronizing a mobile wallet application with the wallet management system.  *Id.* at 2:58–63.

Figure 1 below shows a mobile wallet system according to the '125 patent.

**Fig. 1**



IPR2020-00019
Patent 8,843,125 B2

Figure 1 is a system diagram of a mobile wallet system and associated integration. Ex. 1001, 4:44–45. As shown in Figure 1, the mobile wallet system includes mobile device 100 and wallet management system (WMS) 110. *Id.* at 4:48–49. WMS 110 is supported by trusted service manager (TSM) system 120, mobile network operator 130, and service provider 140. *Id.* at 4:48–51.

Figure 2 below shows installation of a wallet application on a mobile device.



Figure 2 is a system diagram illustrating a system and method for installing a mobile wallet application on the mobile device and correlating wallet management applet in the secure element (SE) of the mobile device. *Id.* at 5:49–52.

IPR2020-00019
Patent 8,843,125 B2

The '125 patent also describes that the system can dynamically filter a list of mobile widget applications that are available for installation based on corresponding mobile device attributes. *Id.* at 10:9–12, Fig. 4. Specifically, rule engine 116 of WMS 110 may be used to display to mobile device 100 a filtered list of downloadable applications. *Id.* at 10:18–26. Downloadable applications include contactless card applets 23 housed in TSM system 120. *Id.* at 10:35–36. The '125 patent describes that "by providing an active dynamic filtering mechanism at the TSM system 120 level, all of the parties involved in such transaction need to make only a general request to the TSM system 120 to access and to provide customer specific services." *Id.* at 10:63–67.

The '125 patent also describes that the system synchronizes mobile wallet application 24 in mobile device 100 with TSM 120. *Id.* at 11:5–7, Fig. 5. Specifically, TSM system 120 stores the master configuration of mobile wallet application 24, which may be changed by service providers from time-to-time. *Id.* at 11:13–18. When the user logs into mobile wallet application 24, the application checks with TSM system 120 for any modifications to the wallet configuration since the last login by the user. *Id.* at 11:35–39. If updates are needed, the user will be prompted to make the update. *Id.* at 11:48–50. While mobile wallet application 24 is active, any modifications made in the application itself will be updated in WMS 110. *Id.* at 11:54–57.

IPR2020-00019
Patent 8,843,125 B2

### D. Challenged Claims

The Petition challenges claims 11, 13, 14, 16–18, and 20–25. Of these, claims 11, 18, and 23 are independent. Claim 11, which is illustrative of the subject matter at issue, is directed to a method of provisioning a contactless card applet and is reproduced below.

> 11. A method for provisioning a contactless card applet in a mobile device comprising a mobile wallet application, the method comprising:
>
> > activating the mobile wallet application;
> >
> > connecting to a Trusted Service Manager (TSM) system;
> >
> > synchronizing the mobile wallet application with the TSM system;
> >
> > displaying a contactless card applet based on attributes of the mobile device;
> >
> > receiving a selection of a contactless card applet;
> >
> > retrieving a widget and a wallet management applet (WMA) corresponding to the contactless card applet; and
> >
> > provisioning the selected contactless card applet, the widget, and the WMA.

Ex. 1001, 13:16–30. Independent claim 18 is directed to a wallet management system. *Id.* at 14:7–23. Independent claim 23 is directed to a mobile device. *Id.* at 14:38–53.

IPR2020-00019
Patent 8,843,125 B2

### E. Asserted Grounds of Unpatentability

Petitioner contends that the challenged claims are unpatentable based on the following grounds:

| Claim(s) Challenged | 35 U.S.C. § | Reference(s)/Basis |
|---|---|---|
| 11, 13, 14, 16, 17, 23–25 | 103(a)[1] | Aiglstorfer[2], Buhot[3], Wang[4] |
| 18, 20–22 | 103(a) | Aiglstorfer, Wang |

## III. DISCRETIONARY DENIAL

### A. Legal Standards

In exercising the Director's discretion under 35 U.S.C. § 314(a), the Board may consider "events in other proceedings related to the same patent, either at the Office, in district courts, or the ITC." Consolidated Trial Practice Guide November 2019[5] ("TPG") at 58. The recent Precedential Order in this case sets forth factors that balance considerations of system efficiency, fairness, and patent quality when a patent owner raises an argument for discretionary denial due to the advanced state of a parallel proceeding. Order 5–6. These factors include:

> 1. whether the court granted a stay or evidence exists that one may be granted if a proceeding is instituted;

---

[1] The Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 112-29, 125 Stat. 284, 285–88 (2011), revised 35 U.S.C. §§ 102, 103 effective March 16, 2013. Because the challenged patent was filed before March 16, 2013, we refer to the pre-AIA version of §§ 102, 103.

[2] U.S. Patent Application Publication No. US 2010/0138518 A1, published June 3, 2010. Ex. 1004.

[3] U.S. Patent Application Publication No. US 2010/0190437 A1, published July 29, 2010. Ex. 1005.

[4] Chinese Patent Application Publication No. CN 101459902A, published June 17, 2009. Ex. 1008. We refer to the English language translation provided by Petitioner, and submitted as Exhibit 1009.

[5] *Available at* https://www.uspto.gov/TrialPracticeGuideConsolidated.

IPR2020-00019
Patent 8,843,125 B2

    2.  proximity of the court's trial date to the Board's projected statutory deadline for a final written decision;

    3.  investment in the parallel proceeding by the court and the parties;

    4.  overlap between issues raised in the petition and in the parallel proceeding;

    5.  whether the petitioner and the defendant in the parallel proceeding are the same party; and

    6.  other circumstances that impact the Board's exercise of discretion, including the merits.

*Id. See also NHK*, Paper 8 at 20 (considering an earlier trial date as a factor in favor of discretionary denial).

    As explained in detail in the Order, the Board examines these factors, which relate to whether efficiency, fairness, and the merits support the exercise of authority to deny institution. *Id.* at 6, 9. In evaluating the factors, the Board takes a holistic view of whether efficiency and integrity of the system are best served by denying or instituting review. *Id.*

  *B. Facts*

    Fintiv filed its original complaint in the Western District of Texas on December 21, 2018, and served Apple with the complaint on January 4, 2019. Ex. 3002 (docket #1, 8). Fintiv served its initial asserted claims and infringement contentions on Apple on May 20, 2019. Ex. 2029. Shortly thereafter, the District Court held a case management conference, and subsequently issued a scheduling order. Ex. 2023. The scheduling order set, among other things, a due date for Apple to serve preliminary invalidity contentions on July 25, 2019 and a *Markman* Hearing for November 8, 2019. *Id.* at 1–2.

IPR2020-00019
Patent 8,843,125 B2

Between the time of the case management conference and the
scheduled *Markman* Hearing, Apple filed the present Petition on October 28,
2019.[6]   Paper 1.   This Petition was filed five months after Apple received
Fintiv's Initial Infringement Contentions and ten months after Apple was
served with Fintiv's complaint.   At the time of filing the Petition, the parties
were in the midst of preparations for the *Markman* hearing, and initial
contentions had been exchanged, but fact discovery had not yet begun, and
the District Court had not yet set a trial date.   Ex. 2023.

Shortly thereafter, the District Court held a *Markman* hearing and, a
few weeks later, issued a claim construction order.   Exs. 2009, 1027.   At the
*Markman* hearing, the District Court also set a trial date of November 16,
2020.   Ex. 2009.   Fact discovery then began on November 14, 2019.
Ex. 2023, 2.

Meanwhile, Apple served Fintiv with its final invalidity contentions.
Ex. 1045 (filed Jan. 17, 2020).   The parties are currently in the midst of
ongoing discovery.   Exs. 1034, 1039, 1040, 1041, 1043, 2028.   Many of the
documents and witnesses involved in this case are located in the Northern
District of California, which has been under a shelter-in-place order since
March 16, 2020.   Ex. 1042.

---

[6] During this time, Apple sought to transfer venue.   Ex. 2037 (seeking, in
part, to transfer the case to the Northern District of California).   The District
Court denied Apple's motion to transfer the case to California.   Ex. 3002
(docket # 65, 73) (denying, in part, motion on September 13, 2019).
The U.S. Court of Appeals for the Federal Circuit denied Apple's petition
for a writ of mandamus.   Ex. 2026 (denying petition on Dec. 20, 2019).   *See
also* Ex. 2027 (denying Apple's petition for rehearing en banc on March 30,
2020).

IPR2020-00019
Patent 8,843,125 B2

The District Court recently issued several orders related to the COVID-19 pandemic. Among others, the District Court issued a Standing Order Regarding Post-*Markman* Patent Cases, in which the Court indicated its willingness to "consider all reasonable adjustments to the current scheduling orders to allow the parties to complete discovery, and have adequate time to complete expert reports, take expert depositions, and file appropriate motions." Ex. 3002 (docket #122).

On April 23, 2020, the District Court granted a joint motion to extend the schedule, resetting the jury trial to begin on March 8, 2021, and postponing the due dates to complete fact and expert discovery and the deadline for filing dispositive motions. Ex. 1049 (Agreed Amended Scheduling Order).

### C. Policy Considerations

#### 1. Policy Arguments

Before turning to the factors, Petitioner argues, as an overall matter of policy, that we should not deny institution based on the state of a parallel district court proceeding. Reply 1–5. Petitioner argues that taking into account the state of a parallel district court proceeding in a decision on institution negates the statutorily provided one-year filing period, encourages forum shopping, improperly bases the decision on trial dates that are often moving targets,[7] and contravenes Congressional intent of the America Invents Act, which was based on district courts granting stays. *Id.*

---

[7] In addition to its policy arguments, Petitioner argues that the Board should take judicial notice of effect of the COVID-19 pandemic and the disruption it is causing to trial schedules. Reply 4. Since the filing of Petitioner's supplemental brief, the parties have agreed to an amended scheduling order that renders moot this argument. We address the amended scheduling order below in our analysis of the factors.

IPR2020-00019
Patent 8,843,125 B2

Relatedly, Petitioner also argues that *NHK* did not hold that the advanced state of a parallel case, alone, is sufficient reason to deny. *Id.* at 5.

Patent Owner argues that the district court trial date is not dispositive, and is used in conjunction with other factors to assess and promote efficiency and fairness in *inter partes* review proceedings. Sur-Reply 7. Patent Owner asserts that the factors in this case demonstrate that discretionary denial will promote efficiency and fairness. *Id.* Patent Owner also argues that forum shopping is not an issue in this case, noting that the District Court denied Apple's motion to transfer the case to another district. *Id.* at 9–10.

> 2. *Analysis*

We have addressed Petitioner's policy arguments in our Precedential Order. As discussed there, a parallel proceeding in an advanced state implicates considerations of efficiency and fairness, which can serve as an independent reason to apply discretion to deny institution. *See* Order 3. As to Petitioner's concern about forum shopping, it always has been the case that some district courts move faster than others, and patent owners seeking to enforce patents may be inclined to file suit in a district that moves relatively quickly. It is up to a district court to determine whether adequate ties exist between the defendant and the selected district. As noted by Patent Owner, in this case, the District Court determined that venue was proper. To Petitioner's point regarding the time-bar of 35 U.S.C. § 315(b), we recognize that, under certain circumstances, considerations of the state of a parallel proceeding may require petitioners to act more quickly than the maximum amount of time permitted by Congress. Nonetheless, Congress also gave the Director discretion to deny institution. *See Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. __, 136 S. Ct. 2131, 2140 (2016) (citing 35 U.S.C. § 314(a)).

IPR2020-00019
Patent 8,843,125 B2

Thus, considerations of efficiency and fairness require a holistic look at the facts surrounding the parallel proceeding in each case. *See id.* at 6.

### D. Analysis of Factors

We turn to each of the factors set forth in our Order and briefed by the parties.

### 1. Factor 1: whether the court granted a stay or evidence exists that one may be granted if a proceeding is instituted

Neither party has requested a stay of the District Court case pending this proceeding. Thus, the District Court has not ruled on this issue.

Petitioner argues that there is no reason that a stay should be denied in the District Court case because Congress intended for district courts to be liberal in granting stays pending AIA post-grant proceedings. Reply 6–7. Patent Owner argues that Petitioner does not provide specific facts or cases that indicate the District Court would be inclined to stay this case. Sur-Reply 2. Patent Owner also argues that a stay is unlikely under the three-factor analysis employed by the District Court. *Id.* at 2–4 (citing Exs. 2024, 2025).

A judge determines whether to grant a stay based on the facts of each specific case as presented in the briefs by the parties. We decline to infer, based on actions taken in different cases with different facts, how the District Court would rule should a stay be requested by the parties in the parallel case here. This factor does not weigh for or against discretionary denial in this case.

### 2. Factor 2: proximity of the court's trial date to the Board's projected statutory deadline for a final written decision

The parties' supplemental briefs presented arguments addressing uncertainty about the November 16, 2020, trial date due to the COVID-19

IPR2020-00019
Patent 8,843,125 B2

pandemic. Reply 7; Sur-Reply 4–5. After filing of these briefs, the parties
agreed to an amended scheduling order. Ex. 1049. In the amended
scheduling order, the District Court set the jury trial to begin on March 8,
2021, approximately two months before a final written decision would be
due in this proceeding. *Id.* at 3. We generally take courts' trial schedules at
face value absent some strong evidence to the contrary. We have no reason
to believe that the jointly agreed-upon trial date, which already has been
postponed by several months due to complications stemming from the
COVID-19 pandemic, will be postponed again. Because the currently
scheduled District Court trial is scheduled to begin two months before our
deadline to reach a final decision, this factor weighs somewhat in favor of
discretionary denial in this case.

   3.   *Factor 3: investment in the parallel proceeding by the court and
        the parties*

   Petitioner argues that apart from a *Markman* Hearing conducted early
in the district court litigation, no other efforts have been expended by the
court on the parties' claims and defenses (e.g., no preliminary injunction has
been sought, summary judgment motions are months away, fact discovery is
ongoing, Patent Owner has taken only two depositions, and Petitioner has
taken no depositions). Reply 7–8. Patent Owner argues that substantial
investment in the district court case has been made because claim
construction is complete, the parties have served final infringement and
invalidity contentions and exchanged multiple rounds of written discovery,
depositions have been taken, and venue issues have been briefed and
appealed. Sur-Reply 5–6.

   The parties each filed three briefs addressing claim construction issues
in this case in the District Court, i.e., opening, responsive, and reply briefs,

13

IPR2020-00019
Patent 8,843,125 B2

the District Court held a claim construction hearing on November 7, 2019, and a few weeks after the hearing, the District Court issued a detailed 34-page claim construction order construing seven claim terms. Ex. 1027. The parties also exchanged both initial and final infringement and invalidity contentions, including detailed invalidity claim charts addressing the prior art cited in this Petition. Exs. 2010, 2023, 2029, 2031–2036. We recognize that much work remains in this case as it relates to invalidity: fact discovery is in its early stages, with document production ongoing and depositions just getting underway, expert reports are not yet due, and substantive motion practice is yet to come. Thus, although the parties and the Court have invested effort in the District Court case to date, further effort remains to be expended in this case before trial. Based on the level of investment and effort already expended on claim construction and invalidity contentions in the District Court, this factor weighs somewhat in favor of discretionary denial in this case.

4. *Factor 4: overlap between issues raised in the petition and in the parallel proceeding*

Petitioner admits that the same claims are challenged in the Petition and in the district court, but Petitioner argues that its invalidity contentions in district court contain more prior art than the art presented in the Petition. Reply 9–10. Petitioner also states that it has not decided whether to pursue the art presented in its Petition in expert discovery or at trial in the district court. *Id.* at 9. Patent Owner argues that Petitioner challenges the same claims and presents the same grounds in both the Petition and in the District Court and the fact that Petitioner raises additional contentions in the District Court is irrelevant. Sur-Reply 6–7 (citing Exs. 2010, 2031–2036).

IPR2020-00019
Patent 8,843,125 B2

We agree with Patent Owner that Petitioner's assertion of additional invalidity contentions in the District Court is not relevant to the question of the degree of overlap for this factor. Further, the fact that Petitioner has not decided whether to pursue the art from this proceeding in its expert discovery or at trial in the District Court is not persuasive. The same art is presented in Petitioner's final invalidity contentions, which are extremely detailed and developed. *See* Exs. 2010, 2031–2036. Thus, because the identical claims are challenged based on the same prior art in both the Petition and in the District Court, this factor weighs in favor of discretionary denial in this case.

5. *Factor 5: whether the petitioner and the defendant in the parallel proceeding are the same party*

The parties agree that the Petitioner here, and the defendant in District Court, are the same party. Reply 10; Sur-Reply 7. Because the petitioner and the defendant in the parallel proceeding are the same party, this factor weighs in favor of discretionary denial.

6. *Factor 6: other circumstances that impact the Board's exercise of discretion, including the merits*

As noted in our Order, a balanced assessment of factors may include consideration of the merits. Order 14–15. Each party argues that the merits tip the balance in its favor. Reply 10; Sur-Reply 10. A full merits analysis is not necessary as part of deciding whether to exercise discretion not to institute, but rather the parties may point out, as part of the factor-based analysis, particular "strengths or weaknesses" to aid the Board in deciding whether the merits tip the balance one way or another. *See* Order 15–16. As an example, a petitioner can use the opportunity to draw attention to particular grounds that it believes are particularly persuasive of

unpatentability. Conversely, a patent owner can use the opportunity to call attention to particular arguments that, on balance, make the petitioner's case a close call.

Here, our initial inspection of the merits on the record before us suggests some of Petitioner's challenges contain certain weaknesses and, taken as a whole, the strengths of the merits do not outweigh other factors in favor of discretionary denial. For example, Patent Owner identifies a weakness in Petitioner's challenge to claim 11 in explaining where the prior art discloses the claimed synchronizing step. Prelim. Resp. 31–32. We agree that the Petition does not propose an interpretation of "synchronizing," in light of how that term is used in the context of the '125 patent, to explain how Aiglstorfer's download of banking card information from the Trusted Service Manager to a Trusted Secure Agent of the electronic device synchronizes the first moblet software module with the Trusted Service Manager.

Also, Patent Owner identifies a weakness in Petitioner's challenges to claims 11 and 18 in explaining where the prior art discloses the filtering aspect of these claims. Prelim. Resp. 32–35, 58. The Petition relies on Aiglstorfer, as modified by Wang, to disclose these filtering aspects of claims 11 and 18. Pet. 32–33. Patent Owner argues that the Petition fails to explain why it would have been obvious to modify Aiglstorfer to filter the moblet software modules based on attributes of the mobile device "given that [Aiglstorfer's] applets are typically device-independent." Prelim. Resp. 35. We find that neither Petitioner nor Dr. Neuman explains sufficiently *why* one of ordinary skill in the art would have modified Aiglstorfer's system to filter device-independent moblet software modules based on attributes of the mobile device, or to modify Aiglstorfer's

IPR2020-00019
Patent 8,843,125 B2

device-independent moblet software modules to make them device-dependent.

As noted in our Order, a full analysis of the merits is not necessary to evaluate this factor. Order 15. It is sufficient that Patent Owner has pointed out that Petitioner's case, at least as to two of three independent claims, is a close call. As to claim 23, we express no opinion. The merits, taken as a whole, do not tip the balance in favor of Petitioner and instead also weigh in favor discretionary denial in a balanced assessment of all the circumstances.

## IV. CONCLUSION

Based on the circumstances discussed above, we agree with Patent Owner that instituting a trial would be an inefficient use of Board resources. As discussed above, the District Court case is ongoing, trial is scheduled to begin two months before we would reach a final decision in this proceeding, the District Court has expended effort resolving substantive issues in the case, the identical claims are challenged based on the same prior art in both the Petition and in the District Court, and the defendant in District Court and the Petitioner here are the same party. Further, based on our own preliminary assessment of the merits of some challenges presented in the Petition, we view Petitioner's arguments as containing some weaknesses. On balance, these facts, when viewed holistically, lead us to determine that efficiency is best served by denying institution. Thus, we exercise our discretion to deny institution under § 314(a).

## V. ORDER

In consideration of the foregoing, it is hereby:

ORDERED that that Petition is *denied*; and

FURTHER ORDERED that no *inter partes* review is instituted.

IPR2020-00019
Patent 8,843,125 B2

FOR PETITIONER:

Travis Jensen
K. Patrick Herman
ORRICK, HERRINGTON & SUTCLIFFE LLP
T61PTABDocket@orrick.com
P52PTABDocket@orrick.com
Apple-Fintiv_OHS@orrick.com


FOR PATENT OWNER:

Jonathan K. Waldrop
Rodney R. Miller
John W. Downing
KASOWITZ BENSON TORRES LLP
jwaldrop@kasowitz.com
rmiller@kasowitz.com
jdowning@kasowitz.com

# EXHIBIT B

# U.S. District Court [LIVE]
## Western District of Texas (Midland)
## CIVIL DOCKET FOR CASE #: 7:18-cv-00147-ADA

| | |
|---|---|
| Continental Intermodal Group-Trucking LLC v. Sand Revolution LLC et al | Date Filed: 08/21/2018 |
| Assigned to: Judge Alan D Albright | Jury Demand: Both |
| Cause: 35:271 Patent Infringement | Nature of Suit: 830 Patent |
| | Jurisdiction: Federal Question |

**Plaintiff**

| | | |
|---|---|---|
| **Continental Intermodal Group-Trucking LLC** | represented by | **Andrew Harper Estes** |
| | | Lynch, Chappell & Alsup, PC |
| | | 300 N. Marienfeld, #700 |
| | | Midland, TX 79701 |
| | | (432) 683-3351 |
| | | Fax: 432/683-2587 |
| | | Email: hestes@lcalawfirm.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Eric D. Sidler**
Lathrop Gage LLP
2345 Grand Blvd.
Suite 2200
Kansas City, MO 64108
816-292-2000
Fax: 816-292-2001
Email: esidler@lathropgage.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Luke M. Meriwether**
Lathrop Gage LLP
2345 Grand Blvd.
Suite 2200
Kansas City, MO 64108
816-292-2000
Fax: 816-292-2001
Email: lmeriwether@lathropgage.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Travis W. McCallon**
Lathrop GPM LLP
2345 Grand Blvd.
Suite 2200
Kansas City, MO 64108
816-292-2000
Fax: 816-292-2001
Email: travis.mccallon@lathropgpm.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lisa K. Hooper**
Lynch, Chappell & Alsup, P.C.
300 N. Marienfeld, Suite 700
Midland, TX 79701
(432)683-3351
Fax: (432)683-2587
Email: lhooper@lcalawfirm.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Sand Revolution LLC**                   represented by **Armon Bryan Shahdadi**
Clayton, McKay & Bailey, PC
800 Battery Ave. SE, Ste. 100
Atlanta, GA 30339
404-353-1628
Fax: 404-704-0670
Email: armon@cmblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Douglas Bailey**
Clayton, McKay & Bailey, PC
1155 Mt. Vernon Hwy, Suite 800
Atlanta, GA 30338
678-667-1388
Fax: 404-704-0670
Email: ben@cmblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brannon Charles McKay**
Clayton, McKay & Bailey, PC
1155 Mt. Vernon Hwy, Suite 800
Atlanta, GA 30338
404-414-8633
Fax: 404-704-0670
Email: brannon@cmblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Josh Clayton**
Clayton, McKay & Bailey, PC
2310 N. Henderson Ave., Ste. 312
Dallas, TX 75206
713-410-6217
Email: josh@cmblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James D. Stein**
Lee & Hayes, P.C.
75 14th Street NE, Ste. 2500
Atlanta, GA 30309
404-736-1918
Fax: 509-323-8979
Email: james.stein@leehayes.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Jason Weinstein**
Clayton, McKay & Bailey, PC
1155 Mt. Vernon Hwy, Suite 800
Atlanta, GA 30338
404-353-1628
Fax: 404-704-0670
Email: leonard@cmblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Manoj S. Gandhi**
Clayton McKay & Bailey PC
2310 N. Henderson Ave., Suite 312
Dallas, TX 75206
832-782-4984
Email: manoj@cmblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Charles Smith**
Siebman, Forrest, Burg & Smith, LLP
113 E. Austin Street
Marshall, TX 75670
(903) 938-8900
Email: michaelsmith@siebman.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sand Revolution II LLC**                    represented by  **Armon Bryan Shahdadi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin Douglas Bailey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brannon Charles McKay**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Josh Clayton**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Jason Weinstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Manoj S. Gandhi**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael Charles Smith**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/21/2018 | 1 | COMPLAINT ( Filing fee $ 400 receipt number 0542-11144208), filed by Continental Intermodal Group-Trucking LLC. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Civil Cover Sheet Civil Cover Sheet)(Hooper, Lisa) (Entered: 08/21/2018) |
| 08/21/2018 | 2 | REQUEST FOR ISSUANCE OF SUMMONS by Continental Intermodal Group-Trucking LLC. *Request for Issuance of Summons Sand Revolution LLC* (Hooper, Lisa) (Main Document 2 replaced on 8/21/2018) (lw). (Entered: 08/21/2018) |
| 08/21/2018 | 3 | REQUEST FOR ISSUANCE OF SUMMONS by Continental Intermodal Group-Trucking LLC. *Request for Issuance of Summons Sand Revolution II LLC* (Hooper, Lisa) (Main Document 3 replaced on 8/21/2018) (lw). (Entered: 08/21/2018) |
| 08/21/2018 | 4 | Certificate of Interested Parties by Continental Intermodal Group-Trucking LLC. (Hooper, Lisa) (Entered: 08/21/2018) |
| 08/21/2018 | 5 | NOTICE of Attorney Appearance by Andrew Harper Estes on behalf of Continental Intermodal Group-Trucking LLC (Estes, Andrew) (Entered: 08/21/2018) |
| 08/21/2018 | 6 | NOTICE of Filing Report on the Filing or Determination of an Action Regarding a Patent or Trademark by Continental Intermodal Group-Trucking LLC (Hooper, Lisa) (Entered: 08/21/2018) |
| 08/21/2018 | 7 | Letter/Correspondence regarding Non-Admitted Status as to Attorney Travis W. McCallon. (lw) (Entered: 08/21/2018) |
| 08/21/2018 |  | Case assigned to Judge David Counts. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (lw) (Entered: 08/21/2018) |
| 08/21/2018 | 10 | Report on Patent/Trademark sent to U.S. Patent and Trademark Office. (lw) (Modified on 8/22/2018 (lw). (Entered: 08/22/2018) |
| 08/22/2018 | 8 | Summons Issued as to Sand Revolution LLC. (lw) (Entered: 08/22/2018) |

| 08/22/2018 | 9 | Summons Issued as to Sand Revolution II LLC. (lw) (Entered: 08/22/2018) |
|---|---|---|
| 08/30/2018 | 11 | MOTION to Appear Pro Hac Vice by Travis W. McCallon (Filing fee $ 100.00 receipt number 700013765) by on behalf of Continental Intermodal Group-Trucking LLC. (Attachments: # 1 Proposed Order)(se) (Entered: 08/31/2018) |
| 08/30/2018 | 12 | MOTION to Appear Pro Hac Vice by Luke M. Meriwether (Filing fee $ 100.00 receipt number 700013766) by on behalf of Continental Intermodal Group-Trucking LLC. (Attachments: # 1 Proposed Order)(se) (Entered: 08/31/2018) |
| 08/30/2018 | 13 | MOTION to Appear Pro Hac Vice by Eric D. Sidler (Filing fee $ 100.00 receipt number 700013767) by on behalf of Continental Intermodal Group-Trucking LLC. (Attachments: # 1 Proposed Order)(se) (Entered: 08/31/2018) |
| 09/04/2018 | | It is ORDERED Travis W. McCallon's Motion for Admission Pro Hac Vice, Doc. 11 filed August 30, 2018, is GRANTED. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. It is further ORDERED that if Mr. McCallon has not already done so, shall immediately tender the amount of $100.00, made payable to Clerk, U.S. District Court, in compliance with Local Court Rule AT-1(f)(2). Entered by Judge David Counts. (This is a text-only entry generated by the court. There is no document associated with this entry.) (db) (Entered: 09/04/2018) |
| 09/04/2018 | | It is ORDERED Luke M. Meriwether's Motion for Admission Pro Hac Vice, Doc. 12 filed August 30, 2018, is GRANTED. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. It is further ORDERED that if Mr. Meriwether has not already done so, shall immediately tender the amount of $100.00, made payable to Clerk, U.S. District Court, in compliance with Local Court Rule AT-1(f)(2). Entered by Judge David Counts. (This is a text-only entry generated by the court. There is no document associated with this entry.) (db) (Entered: 09/04/2018) |
| 09/04/2018 | | It is ORDERED Eric D. Sidler's Motion for Admission Pro Hac Vice, Doc. 13 filed August 30, 2018, is GRANTED. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. It is further ORDERED that if Mr. Sidler has not already done so, shall immediately tender the amount of $100.00, made payable to Clerk, U.S. District Court, in compliance with Local Court Rule AT-1(f)(2). Entered by Judge David Counts. (This is a text-only entry generated by the court. There is no document associated with this entry.) (db) (Entered: 09/04/2018) |
| 09/17/2018 | 14 | NOTICE of Attorney Appearance by Manoj S. Gandhi on behalf of Sand Revolution II LLC, Sand Revolution LLC. Attorney Manoj S. Gandhi added to party Sand Revolution II LLC(pty:dft), Attorney Manoj S. Gandhi added to party Sand Revolution LLC(pty:dft) (Gandhi, Manoj) (Entered: 09/17/2018) |
| 09/17/2018 | 15 | Certificate of Interested Parties by Sand Revolution II LLC, Sand Revolution LLC. (Gandhi, Manoj) (Entered: 09/17/2018) |
| 09/17/2018 | 16 | MOTION to Appear Pro Hac Vice by Manoj S. Gandhi *for Armon Shahdadi* ( Filing fee $ 100 receipt number 0542-11236327) by on behalf of Sand Revolution II LLC, Sand Revolution LLC. (Gandhi, Manoj) (Entered: 09/17/2018) |
| 09/17/2018 | 17 | MOTION to Appear Pro Hac Vice by Manoj S. Gandhi *for Brannon McKay* ( Filing fee $ 100 receipt number 0542-11236378) by on behalf of Sand Revolution II LLC, Sand |

| | | Revolution LLC. (Gandhi, Manoj) (Entered: 09/17/2018) |
|---|---|---|
| 09/17/2018 | 18 | Motion to Dismiss for Failure to State a Claim by Sand Revolution II LLC, Sand Revolution LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Gandhi, Manoj) (Entered: 09/17/2018) |
| 09/18/2018 | 19 | DEFICIENCY NOTICE: re 14 Notice of Appearance. (jk) (Entered: 09/18/2018) |
| 09/18/2018 | 20 | DEFICIENCY NOTICE: re 15 Certificate of Interested Parties. (jk) (Entered: 09/18/2018) |
| 09/18/2018 | 21 | DEFICIENCY NOTICE: re 16 MOTION to Appear Pro Hac Vice by Manoj S. Gandhi *for Armon Shahdadi* ( Filing fee $ 100 receipt number 0542-11236327). (jk) (Entered: 09/18/2018) |
| 09/18/2018 | 22 | DEFICIENCY NOTICE: re 17 MOTION to Appear Pro Hac Vice by Manoj S. Gandhi *for Brannon McKay* ( Filing fee $ 100 receipt number 0542-11236378). (jk) (Entered: 09/18/2018) |
| 09/18/2018 | 23 | Pro Hac Vice Letter sent to attorneys J. Josh Clayton and Benjami D. Bailey as to Sand Revolution II LLC, Sand Revolution LLC re: non-admitted status. (jk) (Entered: 09/18/2018) |
| 09/18/2018 | 24 | CERTIFICATE OF SERVICE by Sand Revolution II LLC, Sand Revolution LLC 14 Notice of Appearance, (Gandhi, Manoj) (Entered: 09/18/2018) |
| 09/18/2018 | 25 | CERTIFICATE OF SERVICE by Sand Revolution II LLC, Sand Revolution LLC 15 Certificate of Interested Parties (Gandhi, Manoj) (Entered: 09/18/2018) |
| 09/18/2018 | 26 | CORRECTED MOTION to Appear Pro Hac Vice by Manoj S. Gandhi *for Armon Shahdadi* by on behalf of Sand Revolution II LLC, Sand Revolution LLC. (Gandhi, Manoj) (Entered: 09/18/2018) |
| 09/18/2018 | 27 | CORRECTED MOTION to Appear Pro Hac Vice by Manoj S. Gandhi *for Brannon McKay* by on behalf of Sand Revolution II LLC, Sand Revolution LLC. (Gandhi, Manoj) (Entered: 09/18/2018) |
| 09/19/2018 | | It is ORDERED Armon Bryan Shahdadi's Motion for Admission Pro Hac Vice, Doc. 26 filed September 18, 2018, is GRANTED. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. It is further ORDERED that if Mr. Shahdadi has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Court Rule AT-1(f)(2). Entered by Judge David Counts. (This is a text-only entry generated by the court. There is no document associated with this entry.) (db) (Entered: 09/19/2018) |
| 09/19/2018 | | It is ORDERED Brannon Charles McKay's Motion for Admission Pro Hac Vice, Doc. 27 filed September 18, 2018, is GRANTED. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. It is further ORDERED that if Mr. McKay has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Court Rule AT-1(f)(2). Entered by Judge David Counts. (This is a text-only entry generated by the court. There is no document associated with this entry.) (db) (Entered: 09/19/2018) |
| 09/19/2018 | 28 | Order for Scheduling Recommendations/Proposed Scheduling Order. Parties shall submit a scheduling recommendations/proposed scheduling order to the Court within thirty (30) |

| | | days from the date of this order. Signed by Judge David Counts. (se) (Entered: 09/19/2018) |
|---|---|---|
| 09/27/2018 | 29 | MOTION to Appear Pro Hac Vice by Manoj S. Gandhi *for J. Josh Clayton* ( Filing fee $ 100 receipt number 0542-11278482) by on behalf of Sand Revolution II LLC, Sand Revolution LLC. (Gandhi, Manoj) (Entered: 09/27/2018) |
| 09/27/2018 | 30 | MOTION to Appear Pro Hac Vice by Manoj S. Gandhi *for Benjamin Bailey* ( Filing fee $ 100 receipt number 0542-11278493) by on behalf of Sand Revolution II LLC, Sand Revolution LLC. (Gandhi, Manoj) (Entered: 09/27/2018) |
| 09/28/2018 | | It is ORDERED J. Josh Clayton's Motion for Admission Pro Hac Vice, Doc. 29 filed September 27, 2018, is GRANTED. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. it is further ORDERED that if Mr. Clayton has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Court Rule AT-1(f)(2). Entered by Judge David Counts. (This is a text-only entry generated by the court. There is no document associated with this entry.) (db) (Entered: 09/28/2018) |
| 09/28/2018 | | It is ORDERED Benjamin Douglas Bailey's Motion for Admission Pro Hac Vice, Doc. 30 filed September 27, 2018, is GRANTED. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. it is further ORDERED that if Mr. Bailey has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Court Rule AT-1(f)(2). Entered by Judge David Counts. (This is a text-only entry generated by the court. There is no document associated with this entry.) (db (Entered: 09/28/2018) |
| 10/01/2018 | 31 | Memorandum in Opposition to Motion, filed by Continental Intermodal Group-Trucking LLC, re 18 Motion to Dismiss for Failure to State a Claim filed by Defendant Sand Revolution LLC, Defendant Sand Revolution II LLC (McCallon, Travis) (Entered: 10/01/2018) |
| 10/01/2018 | 32 | CERTIFICATE OF SERVICE by Continental Intermodal Group-Trucking LLC 31 Memorandum in Opposition to Motion, (McCallon, Travis) (Entered: 10/01/2018) |
| 10/09/2018 | 33 | REPLY to Response to Motion, filed by Sand Revolution II LLC, Sand Revolution LLC, re 18 Motion to Dismiss for Failure to State a Claim filed by Defendant Sand Revolution LLC, Defendant Sand Revolution II LLC (Gandhi, Manoj) (Entered: 10/09/2018) |
| 10/19/2018 | 34 | Scheduling Recommendations/Proposed Scheduling Order *(Joint)* by Continental Intermodal Group-Trucking LLC. (McCallon, Travis) (Entered: 10/19/2018) |
| 10/23/2018 | 35 | SCHEDULING ORDER: Final Pretrial Conference set for 2/7/2020 01:30 PM before Judge David Counts, Jury Selection set for 3/2/2020 09:00 AM before Judge David Counts, Jury Trial set for 3/2/2020 09:00 AM before Judge David Counts, ADR Report Deadline due by 12/17/2018, Amended Pleadings due by 1/14/2019, Discovery due by 7/26/2019, Joinder of Parties due by 1/14/2019, Dispositive Motions due by 10/28/2019. Signed by Judge David Counts. (se) (Entered: 10/24/2018) |
| 11/09/2018 | 36 | CERTIFICATE OF SERVICE by Continental Intermodal Group-Trucking LLC *of its Initial Infringement Contentions and Plaintiff's Documents CIG_0001-426* (McCallon, Travis) (Entered: 11/09/2018) |
| 11/27/2018 | 37 | STIPULATION *(Joint - Regarding Production of Electronically Store Information)* by |

| | | Continental Intermodal Group-Trucking LLC. (McCallon, Travis) (Entered: 11/27/2018) |
|---|---|---|
| 11/27/2018 | 38 | Agreed MOTION for Protective Order by Continental Intermodal Group-Trucking LLC. (Attachments: # 1 Proposed Order Proposed Confidentiality and Protective Order) (McCallon, Travis) (Entered: 11/27/2018) |
| 11/28/2018 | 39 | CONFIDENTIALITY AND PROTECTIVE ORDER. Signed by Judge David Counts. (se) (Entered: 11/28/2018) |
| 12/04/2018 | 40 | ORDER RESETTING, Jury Selection RESET for 3/2/2020 08:00 AM before Judge David Counts, Jury Trial RESET for 3/2/2020 08:00 AM before Judge David Counts. Signed by Judge David Counts. (se) (Entered: 12/04/2018) |
| 12/10/2018 | 41 | CERTIFICATE OF SERVICE by Sand Revolution II LLC, Sand Revolution LLC *for Defendants' Preliminary Invalidity Contentions* (Shahdadi, Armon) (Entered: 12/10/2018) |
| 12/17/2018 | 42 | ADR Report Filed - *(Joint)* by Continental Intermodal Group-Trucking LLC(McCallon, Travis) (Entered: 12/17/2018) |
| 01/25/2019 | 43 | Joint MOTION to Extend Scheduling Order Deadlines by Sand Revolution II LLC, Sand Revolution LLC. (Shahdadi, Armon) (Entered: 01/25/2019) |
| 01/25/2019 | 44 | MOTION to Appear Pro Hac Vice by Armon Bryan Shahdadi *for Leonard Weinstein* ( Filing fee $ 100 receipt number 0542-11684539) by on behalf of Sand Revolution II LLC, Sand Revolution LLC. (Shahdadi, Armon) (Entered: 01/25/2019) |
| 01/29/2019 | | It is ORDERED Leonard Jason Weinstein's Motion for Admission Pro Hac Vice, Doc. 44 filed January 25, 2019, is GRANTED. Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our Court within 10 days of the date of this Order. It is further ORDERED that if Mr. Weinstein has not already done so, shall tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Court Rule AT-1(f)(2). Entered by Judge David Counts. (This is a text-only entry generated by the court. There is no document associated with this entry.) (db) (Entered: 01/29/2019) |
| 01/29/2019 | 45 | AMENDED SCHEDULING ORDER: (Discovery due by 8/9/2019, Motions due by 11/1/2019, Markman Hearing set for 5/10/2019 01:30 PM before Judge David Counts). Signed by Judge David Counts. (jk) (Entered: 01/31/2019) |
| 03/01/2019 | 46 | BRIEF by Continental Intermodal Group-Trucking LLC. (Attachments: # 1 Declaration of Robert Schaaf, # 2 Appendix to Declaration of Robert Schaaf)(McCallon, Travis) (Entered: 03/01/2019) |
| 03/29/2019 | 47 | BRIEF by Continental Intermodal Group-Trucking LLC. (Attachments: # 1 Exhibit 1 - U.S. Patent No. 8,944,740, # 2 Exhibit 2 - May 27, 2014 Amendment)(McCallon, Travis) (Entered: 03/29/2019) |
| 03/29/2019 | 48 | BRIEF by Sand Revolution II LLC, Sand Revolution LLC. (Attachments: # 1 Exhibit U.S. Patent No. 8,944,740, # 2 Exhibit Prosecution History, # 3 Exhibit Declaration of Robert Schaaf)(Shahdadi, Armon) (Entered: 03/29/2019) |
| 04/02/2019 | 49 | ORDER REASSIGNING CASE. Case reassigned to Judge Alan D Albright for all proceedings. Judge David Counts no longer assigned to case. Signed by Judge David Counts. (jk) (Entered: 04/03/2019) |
| 04/05/2019 | 50 | MOTION to Compel *Sufficient Identification of Invalidity Contentions and Limit Invalidity Bases* by Continental Intermodal Group-Trucking LLC. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Exhibit 1 - Defs Preliminary Invalidity Contentions, # 2 Exhibit 2 - Pltfs Initial Infringement Contentions, # 3 Exhibit 3 - Jan. 9, 2019 Letter, # 4 Exhibit 4 - Jan. 21, 2019 Email, # 5 Exhibit 5 - Feb. 5, 2019 Email, # 6 Exhibit 6 - Feb. 15, 2019 Email, # 7 Proposed Order)(McCallon, Travis) (Entered: 04/05/2019) |
| 04/08/2019 | 51 | ORDER DENYING 18 Motion to Dismiss for Failure to State a Claim. Signed by Judge Alan D Albright. (se) (Entered: 04/09/2019) |
| 04/08/2019 | 52 | ORDER Setting Telephonic Motion Hearing on 50 MOTION to Compel *Sufficient Identification of Invalidity Contentions and Limit Invalidity Bases* : Telephonic Motion Hearing set for 4/11/2019 11:00 AM before Judge Alan D Albright. Signed by Judge Alan D Albright. (se) (Entered: 04/09/2019) |
| 04/08/2019 | 53 | AMENDED ORDER Setting Telephonic Motion Hearing on 50 MOTION to Compel *Sufficient Identification of Invalidity Contentions and Limit Invalidity Bases* : Telephonic Motion Hearing set for 4/11/2019 11:00 AM before Judge Alan D Albright. Signed by Judge Alan D Albright. (se) (Entered: 04/09/2019) |
| 04/10/2019 | 54 | NOTICE of Attorney Appearance by Michael Charles Smith on behalf of Sand Revolution II LLC, Sand Revolution LLC. Attorney Michael Charles Smith added to party Sand Revolution II LLC(pty:dft), Attorney Michael Charles Smith added to party Sand Revolution LLC(pty:dft) (Smith, Michael) (Entered: 04/10/2019) |
| 04/11/2019 | | Text Order DENYING 50 Motion to Compel entered by Judge Alan D Albright. Pursuant to the Court's order at hearing held April 11, 2019, the instant motion is DENIED WITHOUT PREJUDICE. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jw) (Entered: 04/11/2019) |
| 04/11/2019 | 57 | Minute Entry for proceedings held before Judge Alan D Albright: Motion Hearing held on 4/11/2019 re 50 MOTION to Compel *Sufficient Identification of Invalidity Contentions and Limit Invalidity Bases* filed by Continental Intermodal Group-Trucking LLC (Minute entry documents are not available electronically.). (Court Reporter Kristie Davis.)(se) (Entered: 04/15/2019) |
| 04/12/2019 | 55 | BRIEF by Sand Revolution II LLC, Sand Revolution LLC. (Shahdadi, Armon) (Entered: 04/12/2019) |
| 04/12/2019 | 56 | BRIEF regarding 48 Brief by Continental Intermodal Group-Trucking LLC. (McCallon, Travis) (Entered: 04/12/2019) |
| 04/23/2019 | 58 | ANSWER to 1 Complaint, with Jury Demand by Sand Revolution II LLC, Sand Revolution LLC.(Shahdadi, Armon) (Entered: 04/23/2019) |
| 04/26/2019 | 59 | BRIEF regarding 47 Brief by Continental Intermodal Group-Trucking LLC. (McCallon, Travis) (Entered: 04/26/2019) |
| 04/26/2019 | 60 | BRIEF by Sand Revolution II LLC, Sand Revolution LLC. (Shahdadi, Armon) (Entered: 04/26/2019) |
| 05/13/2019 | 61 | ORDER, Telephone Conference set for 5/30/2019 11:00 AM before Judge Alan D Albright. Signed by Judge Alan D Albright. (se) (Entered: 05/14/2019) |
| 05/28/2019 | 62 | Joint MOTION to Extend Scheduling Order Deadlines by Sand Revolution II LLC, Sand Revolution LLC. (Attachments: # 1 Proposed Order)(Shahdadi, Armon) (Entered: 05/28/2019) |
| 05/29/2019 | 63 | ORDER Setting Telephonic Status Conference on Thursday, May 30, 2019 at 12:00 p.m. Call in number is (866) 434-5269 with access code 9678090. Signed by Judge Alan D Albright. (sm3) (Entered: 05/30/2019) |

| 05/30/2019 | 64 | Minute Entry for proceedings held before Judge Alan D Albright: Status Conference held on 5/30/2019 (Minute entry documents are not available electronically.). (Court Reporter Kristie Davis.)(jk) (Main Document 64 replaced on 6/6/2019) (dm2). (Entered: 05/31/2019) |
| --- | --- | --- |
| 06/05/2019 | 65 | AMENDED SCHEDULING ORDER: Markman Hearing set for 6/14/2019 in Default hearing location for Austin before Judge Alan D Albright, Pretrial Conference set for 4/10/2020 in Default hearing location for Austin before Judge Alan D Albright, Jury Selection set for 4/27/2020 in Default hearing location for Midland before Judge Alan D Albright, Jury Trial set for 4/27/2020 in Default hearing location for Midland before Judge Alan D Albright, Amended Pleadings due by 9/6/2019, Discovery due by 1/24/2020, Joinder of Parties due by 7/26/2019, Motions due by 2/7/2020,. Signed by Judge Alan D Albright. (dm2) (Entered: 06/06/2019) |
| 06/14/2019 | 66 | Minute Entry for proceedings held before Judge Alan D Albright: Markman Hearing held on 6/14/2019 (Minute entry documents are not available electronically). (Court Reporter Lily Reznik.)(dm2) Corrected date hearing held on 6/25/2019 (dm2). (Entered: 06/17/2019) |
| 06/24/2019 | 67 | MARKMAN CONSTRUCTION ORDER. Signed by Judge Alan D Albright. (dm2) (Entered: 06/25/2019) |
| 06/26/2019 | | Text Order MOOTING 62 Motion to Extend Scheduling Order Deadlines entered by Judge Alan D Albright. In view of the entry of an Amended Scheduling Order (Dkt. 65), the instant Motion is now MOOT. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jw) (Entered: 06/26/2019) |
| 08/07/2019 | 68 | Joint MOTION to Extend Scheduling Order Deadlines by Continental Intermodal Group-Trucking LLC. (Attachments: # 1 Proposed Order Proposed Order)(McCallon, Travis) (Entered: 08/07/2019) |
| 08/08/2019 | 69 | ORDER AMENDING SCHEDULING ORDER Signed by Judge Alan D Albright. (dm2) (Entered: 08/12/2019) |
| 09/10/2019 | 70 | Transcript filed of Proceedings held on June 14, 2019, Proceedings Transcribed: Technical Tutorial/Markman Hearing. Court Reporter/Transcriber: Lily I. Reznik, Telephone number: 512-391-8792 or Lily_Reznik@txwd.uscourts.gov. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 10/1/2019, Redacted Transcript Deadline set for 10/11/2019, Release of Transcript Restriction set for 12/9/2019, (lr) (Entered: 09/10/2019) |
| 09/27/2019 | 71 | ORDER, ( Pretrial Conference set for 4/16/2020 10:30 AM in Default hearing location for Waco before Judge Alan D Albright,). Signed by Judge Alan D Albright. (see) (Entered: 09/27/2019) |
| 11/15/2019 | 72 | MOTION to Extend Scheduling Order Deadlines by Continental Intermodal Group-Trucking LLC. (Attachments: # 1 Exhibit A - 11/11/19 email exchange, # 2 Exhibit B - 11/13/19 email exchange)(McCallon, Travis) (Entered: 11/15/2019) |
| 11/20/2019 | 73 | RESPONSE to Motion, filed by Sand Revolution II LLC, Sand Revolution LLC, re 72 MOTION to Extend Scheduling Order Deadlines filed by Plaintiff Continental Intermodal Group-Trucking LLC (Attachments: # 1 Proposed Order)(Smith, Michael) (Entered: 11/20/2019) |

| 11/20/2019 | [74](#) | Unopposed Motion for leave to File Sealed Document (Attachments: # [1](#) Sealed Document Exhibit B, # [2](#) Sealed Document Exhibit C, # [3](#) Proposed Order) (Smith, Michael) (Entered: 11/20/2019) |
| --- | --- | --- |
| 11/21/2019 | | Text Order GRANTING [74](#) Motion for Leave to File Sealed Document entered by Judge Alan D Albright. Came on for consideration is Defendants Sand Revolution LLC and Sand Revolution II, LLCs Motion to Leave to File Under Seal. The Court GRANTS the Motion. The Clerk's Office is directed to file Exhibits B and C under seal. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jy) (Entered: 11/21/2019) |
| 11/21/2019 | [77](#) | Sealed Document filed Exhibit B and Exhibit C. (Attachments: # [1](#) Exhibit) (slt) (Entered: 11/25/2019) |
| 11/22/2019 | [75](#) | MOTION to Appear Pro Hac Vice by Manoj S. Gandhi *for James D. Stein* ( Filing fee $ 100 receipt number 0542-12885927) by on behalf of Sand Revolution II LLC, Sand Revolution LLC. (Gandhi, Manoj) (Entered: 11/22/2019) |
| 11/22/2019 | [76](#) | REPLY to Response to Motion, filed by Continental Intermodal Group-Trucking LLC, re [72](#) MOTION to Extend Scheduling Order Deadlines filed by Plaintiff Continental Intermodal Group-Trucking LLC (Attachments: # [1](#) Proposed Order)(McCallon, Travis) (Entered: 11/22/2019) |
| 11/23/2019 | | Text Order GRANTING [75](#) Motion to Appear Pro Hac Vice. Before the Court is the Motion for Admission Pro Hac Vice. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT-I (f)(2). IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall apply for admission to the bar of this court in compliance with Local Rule AT-1(f)(1). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Alan D Albright. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jy) (Entered: 11/23/2019) |
| 01/02/2020 | [78](#) | ORDER REGARDING MOTIONS TO EXTEND CASE DEADLINES/ORDER DENYING [72](#) Motion to Extend Scheduling Order Deadlines. Signed by Judge Alan D Albright. (slt) (Entered: 01/02/2020) |
| 01/06/2020 | [79](#) | Joint MOTION to Extend Scheduling Order Deadlines by Continental Intermodal Group-Trucking LLC. (Attachments: # [1](#) Proposed Order)(McCallon, Travis) (Entered: 01/06/2020) |
| 01/07/2020 | [80](#) | ORDER AMENDING SCHEDULING ORDER [79](#) Motion to Extend Scheduling Order Deadlines Signed by Judge Alan D Albright. (slt) (Entered: 01/07/2020) |
| 01/15/2020 | [81](#) | MOTION for Leave to File Invalidity Contentions by Sand Revolution II LLC, Sand Revolution LLC. (Attachments: # [1](#) Exhibit Invalidity Contentions, # [2](#) Exhibit Exhibits, # [3](#) Appendix Appendices, # [4](#) Proposed Order Proposed Order)(Shahdadi, Armon) (Entered: 01/15/2020) |
| 01/16/2020 | [82](#) | ORDER: Miscellaneous Hearing set for **1/17/2020 at 02:00 PM** before Judge Alan D Albright. Signed by Judge Alan D Albright. (slt) (Entered: 01/16/2020) |
| 01/17/2020 | [84](#) | Minute Entry for proceedings held before Judge Alan D Albright: Discovery Hearing held on 1/17/2020 (Minute entry documents are not available electronically). (Court |

| | | Reporter Kristie Davis)(slt) (Entered: 01/21/2020) |
|---|---|---|
| 01/20/2020 | 83 | MOTION to Appear Pro Hac Vice by Armon Bryan Shahdadi *for Sarah E. Elsden* ( Filing fee $ 100 receipt number 0542-13097010) by on behalf of Sand Revolution II LLC, Sand Revolution LLC. (Shahdadi, Armon) (Entered: 01/20/2020) |
| 01/21/2020 | | Text Order GRANTING 83 Motion to Appear Pro Hac Vice. Before the Court is the Motion for Admission Pro Hac Vice. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT-I (f)(2). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Alan D Albright. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jy) (Entered: 01/21/2020) |
| 01/28/2020 | 85 | ORDER GRANTING 81 Motion for Leave to File. Signed by Judge Alan D Albright. (slt) (Entered: 01/29/2020) |
| 02/19/2020 | 86 | Joint MOTION to Extend Scheduling Order Deadlines by Continental Intermodal Group-Trucking LLC. (Attachments: # 1 Proposed Order)(McCallon, Travis) (Entered: 02/19/2020) |
| 02/20/2020 | 87 | ORDER AMENDING SCHEDULING ORDER: GRANTING 86 Motion to Extend Scheduling Order Deadlines. Signed by Judge Alan D Albright. (slt) (Entered: 02/20/2020) |
| 02/21/2020 | 88 | NOTICE *of Change of Email Address and Firm Name* by Continental Intermodal Group-Trucking LLC (McCallon, Travis) (Entered: 02/21/2020) |
| 03/06/2020 | 89 | Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order Granting Defendants' Unopposed Motion to File Under Seal, # 2 Defendants' Opposed Motion for Leave to Amend Answer and Invalidity Contentions, # 3 Exhibit 1 to Defendant's Motion for Leave to Amend (First Amended Answer), # 4 Exhibit A to First Amended Answer, # 5 Exhibit B to First Amended Answer, # 6 Exhibit C to First Amended Answer, # 7 Exhibit D to First Amended Answer, # 8 Exhibit E to First Amended Answer, # 9 Exhibit F to First Amended Answer, # 10 Exhibit G to First Amended Answer, # 11 Exhibit H to First Amended Answer, # 12 Exhibit I to First Amended Answer, # 13 Exhibit J to First Amended Answer, # 14 Exhibit K to First Amended Answer, # 15 Exhibit L to First Amended Answer, # 16 Exhibit 2 to Defendant's Motion for Leave to Amend (Defs' Updated Invalidity Contentions), # 17 Exhibit 3 to Defendant's Motion for Leave to Amend, # 18 Exhibit 4 to Defendant's Motion for Leave to Amend, # 19 Exhibit 5 to Defendant's Motion for Leave to Amend, # 20 Exhibit 6 to Defendant's Motion for Leave to Amend, # 21 Exhibit 7 to Defendant's Motion for Leave to Amend, # 22 Exhibit 8 to Defendant's Motion for Leave to Amend, # 23 Exhibit 9 to Defendant's Motion for Leave to Amend, # 24 Exhibit 10 to Defendant's Motion for Leave to Amend, # 25 Proposed Order Granting Defendants' Opposed Motion for eave to Amend Answer and Invalidity Contentions) (Shahdadi, Armon) (Entered: 03/06/2020) |
| 03/07/2020 | | Text Order GRANTING 89 Motion for Leave to File Sealed Document entered by Judge Alan D Albright. Before the Court is Defendants' Sand Revolution LLC and Sand Revolution II, LLC (collectively, "Defendants") Unopposed Motion to File Under Seal. The Court GRANTS the motion. The Clerk's Office is directed to file Defendants' Opposed Motion for Leave to Amend Answer and Invalidity Contentions and all exhibits |

| | | |
|---|---|---|
| | | attached under seal. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jy) (Entered: 03/07/2020) |
| 03/09/2020 | [90](#) | Sealed Motion filed (slt) (Entered: 03/09/2020) |
| 03/13/2020 | [91](#) | Motion for leave to File Sealed Document (Attachments: # [1](#) Proposed Order, # [2](#) Sealed Document Plaintiff's Opposition to Defendants' Motion for Leave to Amend Answer and Invalidity Contentions, # [3](#) Sealed Document Ex 2_CIG_0006735_SEALED, # [4](#) Sealed Document Ex 3_CIG_0006737_AEO, # [5](#) Sealed Document Ex 5_TyCrop_0000447_AEO, # [6](#) Sealed Document Ex 6_TyCrop_0000448_TyCrop_452_AEO, # [7](#) Sealed Document Ex 8_CIG_0000390-403_AEO, # [8](#) Sealed Document Ex 10_2019-11-25 Def responses Interrs_4th Set_AEO, # [9](#) Sealed Document Ex 11_CIG_0006738-6739_AEO, # [10](#) Sealed Document Ex 12_CIG_0006742-43_AEO, # [11](#) Sealed Document Ex 13_CIG_0006744-48_AEO, # [12](#) Sealed Document Ex 14_CIG_0006749-53_AEO, # [13](#) Sealed Document Ex 15_CIG_0006754-58_AEO, # [14](#) Sealed Document Ex 16_CIG_0006759-64_AEO, # [15](#) Sealed Document Ex 17_CIG_0006765-71_AEO, # [16](#) Sealed Document Ex 18_CIG_0006772-73_AEO, # [17](#) Sealed Document Ex 19_TyCrop_0006541_TyCrop_6543_AEO, # [18](#) Sealed Document Ex 20_TyCrop_0006546_TyCrop_6547_AEO, # [19](#) Sealed Document Ex 21_TyCrop_0006559_TyCrop_6560_AEO, # [20](#) Sealed Document Ex 22_TyCrop_0006564_TyCrop_6577_AEO, # [21](#) Sealed Document Ex 23_TyCrop_0006669-6683_AEO, # [22](#) Sealed Document Ex 24_TyCrop_0006638_TyCrop_6639_AEO, # [23](#) Sealed Document Ex 25_TyCrop_0006642-6643_AEO, # [24](#) Sealed Document Ex 26_TyCrop_0006644-6648_AEO, # [25](#) Sealed Document Ex 27_TyCrop_0006649-6653_CONF, # [26](#) Sealed Document Ex 28_TyCrop_0006654-6659_AEO, # [27](#) Sealed Document Ex 29_TyCrop_0006660-6666_AEO, # [28](#) Sealed Document Ex 30_TyCrop_0006667_TyCrop_6668_AEO) (McCallon, Travis) (Entered: 03/13/2020) |
| 03/13/2020 | [92](#) | Response in Opposition to Motion, filed by Continental Sand Intermodal Group-Trucking LLC, re [90](#) Sealed Motion filed filed by Defendant Sand Revolution LLC, Defendant Sand Revolution II LLC *(to Defendants' Motion for Leave to Amend Answer and Invalidity Contentions)* (Attachments: # [1](#) Proposed Order, # [2](#) Exhibit 1_FCBA Model Patent Local Rules, # [3](#) Exhibit 2 -3_FILED UNDER SEAL, # [4](#) Exhibit 4_2019-01-25 Email (Mueller to counsel) re CIG Supp Prod, # [5](#) Exhibit 5-6_FILED UNDER SEAL, # [6](#) Exhibit 7_2019-11-27 Email (Mueller to Adverse) TyCrop001-6840, # [7](#) Exhibit 8_FILED UNDER SEAL, # [8](#) Exhibit 9_2018-11-09 Email (Mueller to Adverse) CIG 001-426, # [9](#) Exhibit 10-30_FILED UNDER SEAL, # [10](#) Exhibit 31_2020-02-03 SR AMND 30(b)(6) Ntc of Depo_CIG, # [11](#) Exhibit 32_US3934739, # [12](#) Exhibit 33_US4187047, # [13](#) Exhibit 34_US4268208, # [14](#) Exhibit 35_ 12-30-19 email re Inventor Depos)(McCallon, Travis) (Entered: 03/13/2020) |
| 03/15/2020 | | Text Order GRANTING [91](#) Motion for Leave to File Sealed Document entered by Judge Alan D Albright. Before the Court is Plaintiff's Motion to File Under Seal (Dkt. 91). The Court GRANTS the Motion. The Clerk's Office is directed to file Plaintiff's Opposition to Defendants' Motion for Leave to Amend Answer and Invalidity Contentions and supporting Exhibits 2, 3, 5, 6, 8, 10-30 under seal. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jy) (Entered: 03/15/2020) |
| 03/16/2020 | [93](#) | Plaintiff's Opposition to Defendants' Motion for Leave. (slt) (Entered: 03/16/2020) |
| 03/18/2020 | [94](#) | Joint MOTION to Extend Scheduling Order Deadlines [87](#) by Sand Revolution II LLC, Sand Revolution LLC. (Attachments: # [1](#) Proposed Order)(Shahdadi, Armon) (Entered: 03/18/2020) |
| 03/20/2020 | [95](#) | ORDER AMENDING SCHEDULING ORDER. Signed by Judge Alan D Albright. (slt) |

| | | (Entered: 03/20/2020) |
|---|---|---|
| 03/20/2020 | 96 | Motion for leave to File Sealed Document (Attachments: # 1 Proposed Order Granting Motion to Seal, # 2 Sealed Document Reply in Support of Motion for Leave to Amend [, # 3 Sealed Document Ex. 1 to Reply, # 4 Sealed Document Ex. 2 to Reply, # 5 Sealed Document Ex. 3 to Reply, # 6 Sealed Document Ex. 4 to Reply) (Shahdadi, Armon) (Entered: 03/20/2020) |
| 03/21/2020 | | Text Order GRANTING 96 Motion for Leave to File Sealed Document entered by Judge Alan D Albright. Before the Court is Defendants' Sand Revolution LLC and Sand Revolution II, LLC Unopposed Motion to File Under Seal. The Court GRANTS the motion. The Clerks Office is directed to file Defendants' Reply in Support of Motion for Leave to Amend Answer and Invalidity Contentions and all exhibits attached thereto under seal. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jy) (Entered: 03/21/2020) |
| 03/23/2020 | 97 | Sealed Document filed Defendants' Reply in Support of Motion for Leave. (slt) (Entered: 03/23/2020) |
| 03/24/2020 | 98 | STANDING ORDER from U.S. District Judge Alan D. Albright regarding scheduled civil hearings. (tada) (Entered: 03/25/2020) |
| 04/09/2020 | 99 | STANDING ORDER REGARDING POST-*MARKMAN* PATENT CASES. Signed by Judge Alan D Albright. (ja) (Entered: 04/09/2020) |
| 04/27/2020 | 100 | Joint MOTION to Extend Scheduling Order Deadlines *94* by Sand Revolution II LLC, Sand Revolution LLC. (Attachments: # 1 Proposed Order)(Shahdadi, Armon) (Entered: 04/27/2020) |
| 04/28/2020 | 101 | ORDER AMENDING SCHEDULING ORDER GRANTING 100 Motion to Extend Scheduling Order Deadlines: Pretrial Conference set for **1/13/2021 at 09:00 AM** before Judge Alan D Albright, Jury Selection set for **2/8/2021 at 09:00AM** before Judge Alan D Albright, Jury Trial set for **2/8/2021 at 09:00 AM** before Judge Alan D Albright, Discovery due by **7/24/2020**, Motions due by **10/30/2020**. Signed by Judge Alan D Albright. (slt) (Entered: 04/29/2020) |
| 07/09/2020 | 102 | Joint MOTION to Extend Scheduling Order Deadlines *101* by Sand Revolution II LLC, Sand Revolution LLC. (Attachments: # 1 Proposed Order)(Shahdadi, Armon) (Entered: 07/09/2020) |
| 07/12/2020 | 103 | ORDER GRANTING 102 Motion to Extend Scheduling Order Deadlines. Signed by Judge Alan D Albright. (slt) (Entered: 07/13/2020) |
| 07/21/2020 | 104 | MOTION to Stay Case *After Institution of Inter Partes Review of Asserted Patent* by Sand Revolution II LLC, Sand Revolution LLC. (Attachments: # 1 Exhibit A - IPR Paper 24, # 2 Exhibit B - IPR Paper 25, # 3 Exhibit C - WSJ Article, # 4 Proposed Order) (Shahdadi, Armon) (Entered: 07/21/2020) |
| 07/22/2020 | | Text Order DENYING 104 Motion to Stay Case entered by Judge Alan D Albright. Before the Court is Defendants' motion to stay pending conclusion of an instituted IPR. The Court DENIES this motion for at least the following reasons: <br><br> (1) The Court strongly believes the Seventh Amendment, <br> (2) This case has been pending since 2017 and staying the case would only further delay its resolution, <br> (3) Denying the stay would allow the Parties to obtain a more timely and complete resolution of infringement, invalidity, and damages issues, and <br> (4) Plaintiff opposes the stay. |

| | | |
|---|---|---|
| | | (This is a text-only entry generated by the court. There is no document associated with this entry.) (jy) (Entered: 07/22/2020) |
| 07/24/2020 | 105 | Sealed Order. Signed by Judge Alan D Albright. (slt) (Entered: 07/27/2020) |
| 08/13/2020 | | Federal Circuit Docket Number assigned: Docket No. 2020-145. (slt) (Entered: 08/17/2020) |
| 08/21/2020 | 106 | Transcript filed of Proceedings held on 4-11-19, Proceedings Transcribed: Telephonic Hearing. Court Reporter/Transcriber: Kristie Davis, Telephone number: 254-340-6114. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 9/11/2020, Redacted Transcript Deadline set for 9/21/2020, Release of Transcript Restriction set for 11/19/2020, (kd) (Entered: 08/21/2020) |
| 08/21/2020 | 107 | Transcript filed of Proceedings held on 1-17-20, Proceedings Transcribed: Telephonic Discovery Hearing. Court Reporter/Transcriber: Kristie Davis, Telephone number: 254-340-6114. Parties are notified of their duty to review the transcript to ensure compliance with the FRCP 5.2(a)/FRCrP 49.1(a). A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Notice of Redaction Request must be filed within 21 days. If no such Notice is filed, the transcript will be made available via PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed Redaction Request due 9/11/2020, Redacted Transcript Deadline set for 9/21/2020, Release of Transcript Restriction set for 11/19/2020, (kd) (Entered: 08/21/2020) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/09/2020 18:58:37 | | |
| **PACER Login:** | sd1430:2971176:0 | **Client Code:** SRC v Inel |
| **Description:** | Docket Report | **Search Criteria:** 7:18-cv-00147-ADA |
| **Billable Pages:** | 13 | **Cost:** 1.30 |

# EXHIBIT C

# U.S. District Court [LIVE]
## Western District of Texas (Waco)
## CIVIL DOCKET FOR CASE #: 6:20-cv-00200-ADA

Kerr Machine Co. v. Vulcan Industrial Holdings, LLC
Assigned to: Judge Alan D Albright
Cause: 35:271 Patent Infringement

Date Filed: 03/19/2020
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

**Plaintiff**

**Kerr Machine Co.**

represented by **Daniel Allen Wilson**
Susman Godfrey, LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
(713) 655-5627
Email: dwilson@susmangodfrey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rocco Magni**
Susman Godfrey L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002-5096
713-651-9366
Fax: 713-654-6666
Email: rmagni@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

**Thomas V. DelRosario**
Susman Godfrey LLP
1000 Louisiana St., Suite 5100
Houston, TX 77002
713-651-9366
Fax: 713-654-6666
Email: tdelrosario@susmangodfrey.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brian D. Melton**
Susman Godfrey LLP
1000 Louisiana Street - Suite 5100
Houston, TX 77002-5096
(713) 653-7825
Fax: (713) 654-6666
Email: bmelton@susmangodfrey.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Vulcan Industrial Holdings, LLC**
    represented by  
**Jean C. Frizzell**
Reynolds Frizzell Black Doyle Allen &
Oldham, LLP
1100 Louisiana Street, Suite 3500
Houston, TX 77002
(713)485-7200
Fax: 713/485-7250
Email: jfrizzell@reynoldsfrizzell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adi Sirkes**
Reynolds Frizzell LLP
1100 Louisiana, Suite 3500
Houston, TX 77002
713-485-7200
Fax: 713-485-7250
Email: asirkes@reynoldsfrizzell.com
*ATTORNEY TO BE NOTICED*

**Barry J. Herman**
Womble Bond Dickinson (US) LLP
100 Light Street, 26th Floor
Baltimore, MD 21202
410-545-5830
Fax: 410-769-1530
Email: barry.herman@wbd-us.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey S. Whittle**
Womble Bond Dickinson (US) LLP
811 Main St. Suite 3130
Houston, TX 77002
346-998-7859
Fax: 346-998-5910
Email: jeffrey.whittle@wbd-us.com
*ATTORNEY TO BE NOTICED*

**Jeremy L. Doyle**
Reynolds Frizzell LLP
1100 Louisiana Street
Suite 3500
Houston, TX 77002
(713) 485-7200
Fax: (713) 485-7250
Email: doyle@reynoldsfrizzell.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Vulcan Energy Services, LLC**
    represented by  
**Adi Sirkes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Barry J. Herman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeremy L. Doyle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jean C. Frizzell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cizion, LLC**           represented by   **Jean C. Frizzell**
*doing business as*                                    (See above for address)
Vulcan Industrial Manufacturing             *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

**Counter Plaintiff**

**Vulcan Energy Services, LLC**          represented by   **Adi Sirkes**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

**Barry J. Herman**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeremy L. Doyle**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jean C. Frizzell**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Kerr Machine Co.**               represented by   **Daniel Allen Wilson**
                                               (See above for address)
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

**Rocco Magni**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas V. DelRosario**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Brian D. Melton**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/19/2020 | 1 | COMPLAINT ( Filing fee $ 400 receipt number 0542-13363312). No Summons requested at this time, filed by Kerr Machine Co.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Civil Cover Sheet)(Melton, Brian) (Entered: 03/19/2020) |
| 03/19/2020 |  | Case assigned to Judge Alan D Albright. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (mc5) (Entered: 03/19/2020) |
| 03/19/2020 | 2 | Notice of Filing of Patent/Trademark Form (AO 120). AO 120 forwarded to the Director of the U.S. Patent and Trademark Office. (Melton, Brian) (Entered: 03/19/2020) |
| 03/24/2020 | 3 | REQUEST FOR ISSUANCE OF SUMMONS by Kerr Machine Co.. (Melton, Brian) (Entered: 03/24/2020) |
| 03/24/2020 | 4 | Summons Issued as to Vulcan Industrial Holdings, LLC. (bw) (Entered: 03/25/2020) |
| 03/24/2020 | 5 | STANDING ORDER from U.S. District Judge Alan D. Albright regarding scheduled civil hearings. (tada) (Entered: 03/25/2020) |
| 03/27/2020 | 6 | RULE 7 DISCLOSURE STATEMENT filed by Kerr Machine Co.. (Melton, Brian) (Entered: 03/27/2020) |
| 03/30/2020 | 7 | Pro Hac Vice Letter. (am) (Entered: 03/30/2020) |
| 04/08/2020 | 8 | SUMMONS Returned Executed by Kerr Machine Co.. Vulcan Industrial Holdings, LLC served on 4/7/2020, answer due 4/28/2020. (Melton, Brian) (Entered: 04/08/2020) |
| 04/28/2020 | 9 | NOTICE of Attorney Appearance by Jean C. Frizzell on behalf of Vulcan Industrial Holdings, LLC. Attorney Jean C. Frizzell added to party Vulcan Industrial Holdings, LLC(pty:dft) (Frizzell, Jean) (Entered: 04/28/2020) |
| 04/28/2020 | 10 | NOTICE of Attorney Appearance by Jeremy L. Doyle on behalf of Vulcan Industrial Holdings, LLC. Attorney Jeremy L. Doyle added to party Vulcan Industrial Holdings, LLC(pty:dft) (Doyle, Jeremy) (Entered: 04/28/2020) |
| 04/29/2020 | 11 | NOTICE *of Readiness* by Kerr Machine Co. (Melton, Brian) (Entered: 04/29/2020) |
| 04/30/2020 | 12 | ORDER GOVERNING PROCEEDINGS PATENT CASE. Signed by Judge Alan D Albright. (mc5) (Entered: 04/30/2020) |
| 05/26/2020 | 13 | MOTION to Appear Pro Hac Vice by Brian D. Melton *for Applicant Thomas V. DelRosario* ( Filing fee $ 100 receipt number 0542-13600818) by on behalf of Kerr Machine Co.. (Attachments: # 1 Proposed Order)(Melton, Brian) (Entered: 05/26/2020) |
| 05/27/2020 | 14 | NOTICE of Attorney Appearance by Rocco Magni on behalf of Kerr Machine Co.. Attorney Rocco Magni added to party Kerr Machine Co.(pty:pla) (Magni, Rocco) (Entered: 05/27/2020) |
| 05/27/2020 |  | Text Order GRANTING 13 Motion to Appear Pro Hac Vice. Before the Court is the Motion for Admission Pro Hac Vice. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for |

| | | |
|---|---|---|
| | | Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT-I (f)(2). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order. entered by Judge Alan D Albright. (This is a text-only entry generated by the court. There is no document associated with this entry.) (jy) (Entered: 05/27/2020) |
| 05/27/2020 | 15 | NOTICE of Attorney Appearance by Adi Sirkes on behalf of Vulcan Industrial Holdings, LLC. Attorney Adi Sirkes added to party Vulcan Industrial Holdings, LLC(pty:dft) (Sirkes, Adi) (Entered: 05/27/2020) |
| 05/27/2020 | 16 | MOTION to Dismiss *or Transfer* by Vulcan Industrial Holdings, LLC. (Attachments: # 1 Appendix in Support of Vulcan Industrial Holdings, LLC's Motion to Dismiss or Transfer) (Frizzell, Jean) (Entered: 05/27/2020) |
| 05/29/2020 | 17 | ORDER, Telephone Conference set for 5/29/2020 02:30 PM before Judge Alan D Albright. Signed by Judge Alan D Albright. (am) (Entered: 05/29/2020) |
| 05/29/2020 | 18 | Minute Entry for proceedings held before Judge Alan D Albright: Telephone Conference held on 5/29/2020. Case called for a telephonic scheduling conference. Parties have reached an agreed Markman Hearing date of December 3, 2020. The Court explained his normal Markman Hearing procedures and the fact that the Court will issue preliminary constructions before the Markman Hearing. Plaintiff states that they may be adding third parties to the case. The defendant has filed a motion to dismiss or transfer due to not proper venue. (Minute entry documents are not available electronically.). (Court Reporter Lily Reznik.)(am) (Entered: 05/29/2020) |
| 05/29/2020 | 19 | ORDER SETTING MARKMAN HEARING, Markman Hearing set for 12/3/2020 09:00 AM before Judge Alan D Albright. Signed by Judge Alan D Albright. (am) (Entered: 05/29/2020) |
| 06/04/2020 | 20 | AMENDED COMPLAINT *for Patent Infringement and Jury Demand* against Vulcan Industrial Holdings, LLC, Vulcan Energy Services, LLC, Cizion, LLC amending, filed by Kerr Machine Co.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Melton, Brian) (Entered: 06/04/2020) |
| 06/05/2020 | 21 | REQUEST FOR ISSUANCE OF SUMMONS by Kerr Machine Co.. (Melton, Brian) (Entered: 06/05/2020) |
| 06/05/2020 | 22 | Summons Issued as to Cizion, LLC. (bw) (Entered: 06/05/2020) |
| 06/05/2020 | 23 | Summons Issued as to Vulcan Energy Services, LLC. (bw) (Entered: 06/05/2020) |
| 06/14/2020 | 24 | ORDER SETTING TRIAL DATE. Jury Selection set for 8/2/2021 09:00AM before Judge Alan D Albright. Jury Trial set for 8/2/2021 09:00 AM before Judge Alan D Albright. Signed by Judge Alan D Albright. (mc5) (Entered: 06/15/2020) |
| 07/22/2020 | 25 | *Vulcan Energy Services, LLC's* ANSWER to 20 Amended Complaint with Jury Demand . Attorney Jean C. Frizzell added to party Vulcan Energy Services, LLC(pty:dft), COUNTERCLAIM against All Plaintiffs by Vulcan Energy Services, LLC.(Frizzell, Jean) (Entered: 07/22/2020) |
| 07/22/2020 | 26 | MOTION to Dismiss *or Transfer* by Cizion, LLC. (Attachments: # 1 Exhibit A1, # 2 Exhibit A2, # 3 Exhibit A3)(Frizzell, Jean) (Entered: 07/22/2020) |
| 07/23/2020 | 27 | ATTACHMENT *EXHIBIT A to Vulcan Industrial Manufacturing's Motion to Dismiss or Transfer* to 26 MOTION to Dismiss *or Transfer* by Cizion, LLC. (Frizzell, Jean) (Entered: |

| | | |
|---|---|---|
| | | 07/23/2020) |
| 07/31/2020 | 28 | Opposed MOTION to Stay *Litigation Pending the Outcome of the Pending Post-Grant Review Proceeding before the Patent Trial and Appeal Board* by Cizion, LLC, Vulcan Energy Services, LLC, Vulcan Industrial Holdings, LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Proposed Order)(Frizzell, Jean) (Entered: 07/31/2020) |
| 08/02/2020 | | Text Order DENYING 28 Motion to Stay entered by Judge Alan D Albright. Before the Court is Defendants' motion to stay. The COURT DENIES the stay for at least the following reasons:<br><br>(1) The PTAB has not instituted the PGR.<br>(2) Even if the PTAB institutes, the Court anticipates that the trial date will occur before the PGR's final written decision.<br>(3) Allowing this case to proceed to completion will provide a more complete resolution of the issues including infringement, all potential grounds of invalidity, and damages.<br>(4) The Court believes in the Seventh Amendment.<br>(5) Plaintiff opposes the stay.<br><br>(This is a text-only entry generated by the court. There is no document associated with this entry.) (jy) (Entered: 08/02/2020) |
| 08/03/2020 | 29 | ORDER SETTING TRIAL DATE AND OPENING DISCOVERY. Jury Selection set for 9/7/2020 09:00AM before Judge Alan D Albright. Jury Trial set for 9/7/2020 09:00 AM before Judge Alan D Albright. Signed by Judge Alan D Albright. (mc5) (Entered: 08/03/2020) |
| 08/05/2020 | 30 | NOTICE of Attorney Appearance by Jeffrey S. Whittle on behalf of Vulcan Industrial Holdings, LLC. Attorney Jeffrey S. Whittle added to party Vulcan Industrial Holdings, LLC(pty:dft) (Whittle, Jeffrey) (Entered: 08/05/2020) |
| 08/05/2020 | 31 | MOTION to Appear Pro Hac Vice by Jeffrey S. Whittle *for Barry J. Herman* ( Filing fee $ 100 receipt number 0542-13831798) by on behalf of Vulcan Industrial Holdings, LLC. (Whittle, Jeffrey) (Entered: 08/05/2020) |
| 08/06/2020 | | Text Order GRANTING 31 Motion to Appear Pro Hac Vice for Attorney Barry J. Herman for Vulcan Energy Services, LLC, Vulcan Energy Services, LLC, Vulcan Industrial Holdings, LLC. The Court, having reviewed the Motion, finds it should be GRANTED and therefore orders as follows: IT IS ORDERED the Motion for Admission Pro Hac Vice is GRANTED. IT IS FURTHER ORDERED that Applicant, if he/she has not already done so, shall immediately tender the amount of $100.00, made payable to: Clerk, U.S. District Court, in compliance with Local Rule AT-I (f)(2). Pursuant to our Administrative Policies and Procedures for Electronic Filing, the attorney hereby granted to practice pro hac vice in this case must register for electronic filing with our court within 10 days of this order entered by Judge Alan D Albright. (This is a text-only entry generated by the court. There is no document associated with this entry.) (sm3) (Entered: 08/06/2020) |
| 08/10/2020 | 32 | Proposed Scheduling Order by Kerr Machine Co.. (Magni, Rocco) (Entered: 08/10/2020) |
| 08/10/2020 | 33 | Scheduling Recommendations/Proposed Scheduling Order by Kerr Machine Co.. (Attachments: # 1 Proposed Order)(Magni, Rocco) (Entered: 08/10/2020) |
| 08/11/2020 | 34 | SCHEDULING ORDER: Pretrial Conference set for 8/17/2021 09:00 AM before Judge Jeffrey C. Manske, Jury Selection set for 9/7/2021 09:00AM before Judge Alan D Albright, Jury Trial set for 9/7/2021 09:00 AM before Judge Alan D Albright, Amended Pleadings due by 2/25/2021, Joinder of Parties due by 1/14/2021, Motions due by 6/25/2021. Signed by Judge Alan D Albright. (mc5) (Entered: 08/11/2020) |

| 08/12/2020 | 35 | *Plaintiff's* ANSWER to 25 Answer to Amended Complaint,, Counterclaim, by Kerr Machine Co..(Melton, Brian) (Entered: 08/12/2020) |
| 08/28/2020 | 36 | ORDER SETTING TELEPHONIC DISCOVERY HEARING. Discovery Hearing set for 8/31/2020 02:30 PM before Judge Alan D Albright. Signed by Judge Alan D Albright. (mc5) (Entered: 08/28/2020) |
| 08/31/2020 | 37 | Minute Entry for proceedings held before Judge Alan D Albright: Discovery Hearing held on 8/31/2020. Case called for a telephonic discovery hearing. Plaintiff explained what their issue is. The Defendant responded. 30b6 depo to take place within the next 2 weeks abscense of any agreement of parties for 3 weeks. If deposition is done by 9/11 - the plaintiff's can file response to motion for change of venue by 10/2 - the reply from Defendant would be due 10/12. When the reply is filed the defendant need to lethe law clerk that the issue is ripe. There will be a hearing very quickly after issue is ripe. The Court will hold off regarding depositions of the 2 gentlemen. Parties need to get together before that to work out what the Plaintiff needs and what Defendant is agreeable with. If parties cannot resolve that issue the Court will then hold a hearing with a ruling. The parties should also discuss how long the information will take to be produced. (Minute entry documents are not available electronically.). (am) (Entered: 08/31/2020) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/09/2020 18:54:10 | | |
| **PACER Login:** | sd1430:2971176:0 | **Client Code:** | SRC v Inel |
| **Description:** | Docket Report | **Search Criteria:** | 6:20-cv-00200-ADA |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

*FILED*

*MAY 30 2019*

CLERK, U.S. DISTRICT COURT.
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| MULTIMEDIA CONTENT<br>MANAGEMENT LLC,<br>*Plaintiff,*<br><br>v.<br><br>DISH NETWORK L.L.C.,<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. 6:18-CV-00207-ADA |

## ORDER DENYING MOTION TO STAY PENDING *INTER PARTES* REVIEW OF U.S. PATENT NUMBERS 8,799,468 AND 9,465,925

Before the Court is Defendant Dish Network L.L.C.'s Opposed Motion to Stay Pending *Inter Partes* Review of U.S. Patent Nos. 8,799,468 and 9,465,925. Document Number 67. Plaintiff Multimedia Content Management LLC filed a Response on May 21, 2019. Document Number 69. Dish filed a Reply on May 28, 2019. Document Number 71. After carefully reviewing the Parties' briefs, the Court finds that Dish's Opposed Motion to Stay should be denied for the following reasons.

### Background

On July 25, 2018, MCM filed this action against Dish alleging the infringement of two patents: U.S. Patent Nos. 8,799,468 and 9,465,925 (the "'468 Patent" and the "'925 Patent" respectively). In Dish's Motion to Stay, Dish urges the Court to stay the proceedings in this litigation for six months on the basis that it is seeking an *Inter Partes* Review ("IPR") which has yet to be instituted. Def.'s Mot. at 1. On April 23, 2019, Dish filed two IPR petitions against all asserted claims of the '468 Patent and the '925 Patent. As such, Dish seeks a short stay until the United States Patent Trial and Appeal Board's ("PTAB") institution decisions, which are due by

1

UNM Rainforest Innovations
Ex-2002
GlobalFoundries v. UMN Rainforest Innovations
IPR2020-00984

November 2019 and thereafter during the pendency of any instituted PTAB proceeding. Moreover, Dish has stated that should the PTAB not institute as to all challenged claims, then the Court can revisit the stay in November 2019.

### Legal Standard

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Gonzalez v. Infostream Grp., Inc.*, Case No. 2:14-CV-906, 2015 WL 12910770, at *1 (E.D. Tex. Mar. 2, 2015). In particular, the question whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, No. 5:13-CV-4206, 2014 WL 2738501, at *2 (N.D. Cal. June 11, 2014); *see also 3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.*, No. 6:14-CV-162, 2015 WL 179000, at *1 (E.D. Tex. Jan. 14, 2015).

"District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*,

No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-CV-81, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

**Analysis**

### 1. Relevant Facts

There can be no dispute that both parties have already expended considerable time and resources into the claim construction process. In fact, the Court has already conducted a Markman hearing, which was held on April 26, 2019. At the end of this hearing, the Court informed the Parties of how it was construing the disputed claim terms.

Furthermore, the Court finds that Dish could have filed its IPR Petitions more quickly. Instead, Dish elected to file their Petitions long after suit was filed and even waited until after the Markman hearing. The Court does not intend to critique Dish's decision—Dish was free to choose when to file for the IPRs. However, having waited this long to file is a factor that the Court will consider.

Moreover, the Court finds that the Parties should have been on notice that the Court anticipated that discovery would commence very quickly after the completion of the Markman hearing, which is made evident from the Court's form scheduling order with respect to patent cases. Finally, the Court has set this case for jury trial on July 20, 2020. It is unlikely that, assuming institution, the PTAB's final written decisions in Dish's IPRs will be due, without any extension, any earlier than one year after the Institution Decision, which is November 15, 2020.

### 2. Undue Prejudice

Dish argues that MCM will not suffer undue prejudice from a stay; however, the Court disagrees for the following reasons. As a patent holder, MCM has "an interest in the timely enforcement of its patent right." *MiMedx Group, Inc. v. Tissue Transplant Tech. Ltd.*, 2015 WL 11573771, at *2 (W.D. Tex. Jan 5, 2015) (internal citations omitted). Here, trial is set for July 2020; thus, a stay will prejudice MCM by depriving it of a timely jury trial in the summer of 2020. The Court doubts that Dish would disagree with this. While a November 15, 2019 institution decision deadline might mean a November 15, 2020 deadline for a final written decision—assuming institution occurs—there is uncertainty to this date. Although 35 U.S.C. § 316(a)(11) and 37 C.F.R. § 42.100 indicate that a final written decision should "normally" issue no more than a year after the institution decision, they also state that the one-year period can be extended up to six months for good cause. If this were to occur, then the November 15, 2020 deadline would be pushed to May 15, 2021, which is more than a year after the Court's predicted trial date. Furthermore, this does not account for any potential Federal Circuit appeal of the final written decisions, which would add even more time and therefore create an even longer delay. At any rate, even under the best of scenarios, the final decision at the PTAB would come months after the jury trial that is scheduled for July 2020. Accordingly, the Court concludes that this factor weighs against granting a stay.

### 3. Stage of Proceedings

If "the court has expended significant resources, then courts have found that this factor weighs against a stay." *CANVS Corp. v. U.S.*, 118 Fed. Cl. 587, 595–96 (2014) (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp.2d 1028, 1031–32 (C.D. Cal. 2013) ("The Court's expenditure of resources is an important factor in evaluating the stage

4

of the proceedings.")); *SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS-CJB, 2013 WL 144255, at *5–6 (D. Del. Jan. 11, 2013) ("[Once] the Court and the parties have already expended significant resources . . . the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion."). As stated earlier, the Court has invested significant resources and time in construing all the contested claim terms. On the other hand, the Court acknowledges that discovery has not yet begun, and that the Parties will incur great expense in the future preparing for trial. However, the Court finds particularly critical, at least in this case, Dish's delay in filing for a stay after the Parties had briefed and argued claim construction at the Markman hearing. As such, the Court finds that this outweighs any future expense that the Parties might incur.

The Court also considers "whether the defendant acted with reasonable dispatch in filing its petitions for *inter partes* review and then, after the petitions were granted, in filing its motion for a stay." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *3 (E.D. Tex. March 11, 2015). As discussed above, Dish waited until long after MCM filed suit and the conclusion of the Markman hearing to file its IPR petitions. Therefore, the Court finds that Dish failed to act with reasonable dispatch in filing their petitions for *inter partes* review and their subsequent motion to stay. In short, in view of the advanced nature of the Court's proceedings, including the completion of the Markman hearing, the rendering of claim constructions by the Court, and the fact that a jury trial has been set for July 2020, the Court finds that this factor weighs against granting a stay.

### 4. Simplification of Issues

"[T]he most important factor bearing on whether to grant a stay in this case is the prospect that the *inter partes* review proceeding will result in simplification of issues before the

Court." *NFC Tech.*, 2015 WL 1069111 at *4. The Court finds that this factor strongly favors denying a stay. At the time this Motion was filed, the IPR Petition had not been instituted or denied by the PTAB; therefore, any simplification of the issues at trial after a PTAB decision will likely be minimal. Moreover, Dish admits that since there is no guarantee that the PTAB will grant institution, then there is no guarantee that granting a stay will simplify any issues in this litigation. Thus, were the PTAB to ultimately deny institution, then the trial in this case would be needlessly delayed. Admittedly, if the PTAB does grant institution, then there is the possibility that some claims *might* be invalidated. As a result, Dish can argue nothing more than that there is a *potential* simplification of issues that favors granting a stay.

Additionally, the Court finds that even if institution is granted, Dish's IPRs would not simplify the issues in this case. The Court has already resolved the meaning of the claim terms as a matter of law. However, in its IPR Petitions, Dish includes the claim constructions that they proffered prior to the Court's Markman hearing instead of the Court's final constructions. Def.'s Mot. Ex. A at 7–13; *Id.* Ex. B at 8–18. For example, in the IPR Petitions, Dish construes the "selectively transmit" limitation of the asserted claims as "transmitting all content requests to take place within the service provider network in response to the controller instructions' decision to transmit the content requests." *Id.* Ex. A at 13. The Court, however, construed the "selectively transmit" limitation differently than what Dish submitted in its IPR Petitions. This is also further support for a determination that a grant of a stay at this point would result in unfair prejudice (see factor one discussed in Part 2 of this Order). Accordingly, the Court finds that this factor strongly weighs against granting a stay.

## Conclusion

After considering the relevant factors and for the reasons stated above, the Court finds that Defendant Dish Network L.L.C.'s Opposed Motion to Stay Pending *Inter Partes* Review of U.S. Patent Nos. 8,799,468 and 9,465,925 should be and hereby is **DENIED**.

**SIGNED** this 30th day of May 2019.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

7

# EXHIBIT E

## Ari Rafilson

| | |
|---|---|
| **From:** | Joshua Yi <Joshua_Yi@txwd.uscourts.gov> |
| **Sent:** | Monday, August 3, 2020 1:34 AM |
| **To:** | Alfonso Chan; Ari Rafilson; Michael Shore; Will Ellerman; price@ainsworth-law.com; brian.nash@pillsburylaw.com; Ranjini Acharya; Callie Bjurstrom |
| **Subject:** | RE: FG SRC, LLC v. Intel Corporation (6:20-cv-00315-ADA) |

Counsel,

I neglected to raise this during my pre-CMC emails, but the Court has started a new practice of setting the estimated trial date at the CMC.  Given the number of patents, the Court will set the trial date for November 8, 2021.  To the extent that the parties would like to move the trial date (to an earlier or later date), please feel free to raise that at the Markman hearing.

-Josh

---

**From:** Joshua Yi
**Sent:** Sunday, July 26, 2020 11:17 PM
**To:** achan@shorechan.com; arafilson@shorechan.com; mshore@shorechan.com; wellerman@shorechan.com; price@ainsworth-law.com; brian.nash@pillsburylaw.com; ranjini.acharya@pillsburylaw.com; callie.bjurstrom@pillsburylaw.com
**Subject:** FG SRC, LLC v. Intel Corporation (6:20-cv-00315-ADA)

Counsel,

By way of introduction, I am Judge Albright's patent clerk.

A couple of notes regarding the telephonic Case Management Conference on July 30 for this case:

1. Please be aware that there are several telephonic CMCs going on back-to-back that day.  So to prevent interrupting the previous CMC, please wait until your case is announced before speaking.
2. The Court believes that a 0.5 day Markman may be appropriate.  If you believe that you need more time, please let me know ASAP.
3. The Court has a few open half days around the default date specified in the Order Governing Proceedings (January 7): 1/7 PM, and 1/8 PM. Please confer with the other side and e-mail me the date that the parties agree to. Please let me know ASAP as the Court will reserve these dates on a first-come, first-served basis.  Please also note that the Court is now double-booking Markman dates given that a significant percentage of Markman hearings are canceled based on a dismissal/settlement.
4. Attached is the Court's Procedures Regarding Technology Tutorials, Claim Construction, and Discovery Disputes.
5. If you have post-Markman issues to discuss, please let me know so the Court can determine if we need to address that issue at the CMC or if it can wait until Markman.  If you have pre-Markman issues to discuss, please let me know what they are after conferring with the other side.
6. Please note that although the Court has currently scheduled several CMCs to begin at 2PM, I will follow-up with the specific call-in time for this case once I estimate how much time each CMC needs.
7. If there are no pre-Markman issues and the parties agree to a Markman date, then there is no need to have this CMC, so the Court will cancel it.  Similarly, if I don't hear from you, I will assume that there are no issues to discuss, pick a Markman date, and cancel the CMC.

If you have any questions, please let me know.  Thanks.

-Josh


**Joshua J. Yi, Ph.D.**
Law Clerk to the Honorable Alan D Albright
United States District Court
Western District of Texas
joshua_yi@txwd.uscourts.gov
254-750-1518